JOHN A. HUBBELL, Appellant, *v.* PAULINE VON SCHOENING
et al., Respondents.

A court of equity will not, any more than a court of law, excuse laches and
gross negligence in the assertion of a right to a specific performance of a
contract ; but where time has not been made of the essence of the con-
tract by its terms, although there may not be performance upon the day,
if the delay is excused and the situation of the parties and property
unchanged, and the party reasonably vigilant, the court will relieve from
the consequences of the delay.

A party may be held to strict performance as to time, and put in default
for non-performance ; but to do this, the party seeking to put the other
in default must not only be ready and willing to perform, but must tender
performance at the time, and demand performance from the other ; and
then, whether equity will relieve, will depend upon the circumstances.
Each case must be judged by its own circumstances.

Defendants, who were husband and wife, contracted to sell and convey to
plaintiff certain premises in New York belonging to the wife, the pur-
chase-money to be paid and deed delivered January 24, 1868. On the
23d, plaintiff applied to defendants' attorney, at whose office the contract
was to be performed, for an extension of time, to enable him to complete
searches. The attorney promised to send him word when the defend-
ants arrived next day, so that he could see them about it. Not receiving
any word, plaintiff waited until four P. M., and then went to the office,
where he found the husband, who informed him the wife had gone home
and would have nothing more to do with it ; he was also informed he
could not see her that night. The next morning plaintiff sought the
defendants at their house, with the money to make the tender, but was
told they were not at home ; he thereupon tendered the money to the

attorney at his office. This was Saturday. On Monday, plaintiff again sought the defendants, but was unable to find the wife. Thereupon plaintiff brought suit for specific performance. *Held*, that plaintiff was not in default, and was entitled to judgment.

(Argued April 29, 1872; decided May 3, 1872.)

APPEAL from judgment of the General Term of the Supreme Court in the first judicial department, affirming judgment in favor of defendants entered upon the decision of the court at Special Term. (Reported below 58 Barb., 498.)

The action was brought to compel the specific performance of a contract for the sale of three lots on One Hundred and Twenty-first street in the city of New York.

Defendants were husband and wife; the property belonged to the wife. By the contract, plaintiff was to pay $1,180 on the 24th day of January, 1868, and was to assume a mortgage upon the premises for the balance of the purchase-money. Defendants, on receiving such payment at the time stated, agreed to convey the premises by warranty deed, the deed to be delivered at the office of Z. W. Butcher, defendants' attorney.

On the twenty-third of January, the day before the time named in the contract for the payment of the purchase-money, the plaintiff applied to the defendants' attorney for an extension of time of performance, to enable him to complete his searches against the property.

The attorney then promised the plaintiff to send him word as soon as the defendants came to his office, if they arrived the next day, so that he might see them about it.

The defendants or one of them was at the office of their attorney, where the deed was to be delivered, from before twelve o'clock of the said day.

The attorney did not, according to his promise, notify the plaintiff of the arrival of his clients.

The plaintiff, after waiting for such notification until about four o'clock, went around to the office of defendants' attorney, where he met Dr. Von Schoening, and was informed

by him that Mrs. Von Schoening, who owned the property. had been there at twelve o'clock, and, as I was not there, she had gone home, and would have nothing more to do with it.

The plaintiff was then informed that he could not see Mrs. Von Schoening that evening, for she would not be at home; but that she would be at home the next morning, when she could be seen.

The defendants lived far up town, at corner of One Hundred and Tenth street and Broadway. The plaintiff went there the next morning, but did not find Mrs. Von Schoening. On the same day the plaintiff tendered the amount due on the contract, at the office of the defendants' attorney. The tender was refused by Mr. Butcher, the attorney, on the ground that "it was a day too late." This was on Saturday. The plaintiff sought defendants on Monday. He saw Dr. Von Schoening at Mr. Butcher's office, and was informed by him that Mrs. Von Schoening had sold the lots. He was unable to see her personally.

*Samuel Hand* for the appellant. Time was not of the essence of the contract. (*Williston* v. *Williston*, 41 Barb., 642; *Gale* v. *Archer*, 42 id., 32; *Dimick* v. *Michael*, 4 Saund., 426; *Edgerton* v. *Peckham*, 11 Paige, 352; *Moore* v. *Sundburgh*, 8 id., 600; 26 Wend., 238.) Equity will relieve a party not guilty of gross negligence. (Also, *Scarborough* v. *Arrant*, 25 Texas, 129; *Harris* v. *Bennett*, 26 id., 568.) Where there is no *injury* to the party by delay, and the party in default acts with diligence thereafter, equity will not refuse him specific performance, though he should have no redress in a court of law. (*Parker* v. *Therold*, 13 Eng. L. & Eq., 416; *Davis* v. *Hare*, 2 Scholes & Lef., 347.) Especially where the default is occasioned by mistake or surprise. (*Setora Black*, 7 Ves., 265.) Where a vendor seeks to make of the essence of the contract by a notification, he must himself be ready upon the day and tender a deed. (*Laird* v. *Smith*, 44 N. Y., 618; *Smith* v. *Smith*, 2 Hill, 350.)

*A. Lansing & George W. Van Slyck* for the respondents. The finding of fact, that plaintiff failed to perform, is conclusive. (*Bergen* v. *Wimple*, 30 N. Y., 319; *Cady* v. *Allen*, 18 id., 573.) The plaintiff having failed to perform or to assign any justification or cause for his delay, and the defendant not having acquiesced in the delay, the contract was at an end, and the plaintiff is not entitled to a specific performance. (*Dimick* v. *Michael*, 4 Sands., 374; *Benedict* v. *Lynch*, 1 Johns. Ch., 370; *Chase* v. *Hogan*, 3 Abb. P. N. Series, 57; *Parker* v. *Therold*, 11 Eng. L. & Eq., 275.) The court having failed to find in plaintiff's favor as to the alleged excuse, this court will presume that it found against him. (*Bergen* v. *Wimple*, 30 N. Y., 319; *Cady* v. *Allen*, 18 id., 573.) Time is always material when the parties elect to make it so. (Opinions Judges INGRAHAM and CARDOZO in this case; *Dimick* v. *Michael*, 4 Sands., 374, 376; *Benedict* v. *Lynch*, 1 Johns. Ch., 370; *Chase* v. *Hogan*, 3 Abb. Pr., R., 57.)

ALLEN, J. There were no laches on the part of the plaintiff, nor any delay in the assertion of his rights. He has shown himself, in the language of the cases, "ready, desirous, prompt, and eager" to carry out the contract and have a performance of it. The brief delay of a few hours in making a formal tender of the purchase-money and demanding a conveyance of the property, was explained and excused. He had not, for some reason, completed his searches, and satisfied himself as to the title, and the day before that appointed for the performance of the contract he applied to the attorney of the defendants, at whose office the parties were to meet, for an extension of the time to enable him to complete his searches, and the attorney promised him that he would send him word as soon as the defendants came to his office if they arrived the next day, so that he might see them about it.

Not receiving any message from the attorney the next day, he had reason to believe, either that the parties had not arrived or that they had assented to his request. He might reasonably and properly rely upon this promise of the attor-

ney, and it should not be imputed to him as laches or as evidence of an indifference to, or an unwillingnesss to perform the contract, that he did so. The plaintiff had all of the 24th of January, within which to perform the contract, as no hour was named for that purpose. He did not wait for the promised notice from the defendants' attorney, but during the business hours, and late in the afternoon of that day, went to the office and there found Mr. Von Schoening, one of the contracting parties, and was told by him that he would have nothing more to do with him, that he did not pay the money that same day, he did not fulfill his agreement and he would have nothing more to do with it. The *feme* defendant had been there in the earlier part of the day but had left, and the plaintiff was told he could not see her that night. The next morning the plaintiff sought the defendants early at their own house at Harlem, with the money to make the tender of the purchase-money and was told they were not at home. He then tendered the money to the attorney at his office, and this being Saturday, on the Monday following he again sought the defendants to tender the money to them personally, but was unable to find Mrs. Von Schoening, who was the owner of the property. She evidently kept out of the way, and the complaint was verified on the same day. In *Duffy* v. *O'Donovan* (46 N. Y., 223), we held the plaintiff entitled to a specific performance against the vendor and the person to whom he had conveyed the premises with notice of the contract, although the money was not paid or tendered at the hour, the purchaser acting in good faith and intending to peform, and supposing, from the acts and declarations of the agent and attorney of the seller, that the money would be received at a later hour in the day.

Time, in the performance of an agreement either for the sale or purchase of real property, is always material, and a court of equity will not, any more than a court of law, excuse laches and gross negligence in the assertion of a right to a specific performance. But time is not of the essence of the contract, unless made so by the terms of the contract; and,

therefore, although there may not, when time has not been made essential, be performance at the day, if the delay is excused, and the situation of the parties or of the property is not changed so that injury will result, and the party is reasonably vigilant, the court will relieve him from the consequences of the delay and grant a specific performance. (*Radcliffe* v. *Warrington*, 12 Vesey, 326 ; *More* v. *Smedburgh*, 8 Paige, 600 ; *Edgerton* v. *Peckham*, 11 id., 352.) Each case must be judged by its own circumstances.

A party may not trifle with his contracts and still ask the aid of a court of equity. Neither will the law be administered in a spirit of technicality, and so as to defeat the ends of justice. In this instance there is no vexation, no room for suspicion of any trick, on the part of the plaintiff; at most, it was a mistake in depending upon the promise of the defendant's attorney to advise him when the defendants arrived, if they should arrive on the day fixed for the performance of the contract.

It was assumed by the learned judge on the trial that one of the parties could, by notice to the other, make time of the essence of a contract, when, by its terms, it was not made so. This may be questionable, but need not be considered. The party in such case, if the operation and effect of the contract are to be essentially changed so as to vary his rights or duties at the volition of the other, should have reasonable notice in advance of the time when he will be called upon to act. Here no such notice was given, but, on the contrary, the plaintiff was put at ease by the promise of the attorney of the defendants. Doubtless, a party may be held to a strict performance as to time and put in default for non-performance, that is, a default in law ; and whether equity would relieve, would depend on circumstances. But to do this, the party seeking to put the other in default must not only be ready and willing to perform, but he must tender performance at the time and demand performance from the other. Von Schoening testified that a deed had been prepared and was ready, but the plaintiff was not notified of the fact and it was not shown or

offered to him. The defendants took especial pains to prove by the feme defendant, the owner of the premises, that she had never authorized any one to complete the contract or to receive the money for her, and she was not at the place of performance when the plaintiff called. The plaintiff was not in default, and was not put in default by any acts or offers of the defendants. The judge, before whom the cause was tried, has not found that the defendants put the plaintiff in default by an offer and a demand of performance, and the evidence would not have justified such a finding. But he has found that the plaintiff had failed to perform, and, therefore, was not entitled to relief merely by reason of a casual and justifiable delay of a few hours in making a formal tender of performance. In this, we think, there was errror.

The judgment should be reversed and a new trial granted. All concur.

Judgment reversed.