SAMUEL J. AUSTIN and another *vs.* HENRY WACKS and Wife.

March 26, 1883.

Specific Performance—Contracted executed by Vendor only.—A sealed contract for the conveyance of land, executed and delivered upon a valuable consideration by the vendor only, may be specifically enforced in favor of the vendee.

**Same—Time not of Essence, but may become so—Change in Value of Land.—**Time is not to be deemed of the essence of a contract to convey real estate unless made so by its terms, or by implication from the nature of the subject-matter, the object of the contract, or the situation of the parties. Where, however, a vendor tenders and demands strict performance on the day, he may hold the purchaser to a strict performance, which will bar his remedy in equity as well as at law, unless there exist equitable circumstances warranting relief. But if time be not essential, and the situation of the parties is unchanged, and the delay is reasonably excused, and the vendee manifests good faith and is reasonably prompt and vigilant, the court may, in the exercise of a sound discretion, though the land has risen in value, relieve him from the consequences of the delay. Application of these principles to the facts of this case.

**Same—Parol Evidence to show Time Essential.—**When time is not expressly or impliedly essential, parol evidence is not admissible to show that at the time of the execution of the contract it was understood or agreed that it should be so.

Action for specific performance. Defendants appeal from an order of the district court for Hennepin county, *Lochren, J.,* presiding, refusing a new trial. The case is stated in the opinion.

*Baxter, Grethen & Penny* and *Chas. E. Flandrau,* for appellants.

There is such a lack of mutuality in this contract that it should not be enforced in equity. *Bailey* v. *Austrian,* 19 Minn. 465, (535;) *Goodwin* v. *Lyon,* 4 Porter, (Ala.) 297; *Hays* v. *Hall,* Id. 374; *Boucher* v. *Van Buskirk,* 2 A. K. Marsh. (Ky.) 346; *Page* v. *Hughes,* 2 B. Mon. (Ky.) 439; *Reed* v. *Chambers,* 6 Gill & John. (Md.) 490; *Rust* v. *Conrad,* 47 Mich. 449; *Parkhurst* v. *Van Cortlandt,* 1 John. Ch. 273; *Benedict* v. *Lynch,* Id. 370; *Eastman* v. *Plumer,* 46 N. H. 464; Waterman on Specific Perf. §§ 196–198; 1 Parsons on Cont. 449 and note *z.* Time is of the essence of this contract. *Benedict* v. *Lynch, supra; Wiswall* v. *McGown,* 2 Barb. 270; *Kirby* v. *Harrison,* 2 Ohio St. 326; *Wells* v. *Smith,* 7 Paige, 22; *King* v. *Ruckman,* 20 N. J. Eq. 316; *White* v. *Yaw,* 7 Vt. 357; *Cleavland* v. *Burton,* 11 Vt. 138; *Goodell* v. *Field,* 15 Vt. 448; *Minert* v. *Emerick,* 6 Wis. 355; *Taylor* v. *Longworth,* 14 Pet. 172; *Lloyd* v. *Collett,* 4 Brown, Ch. 469.

Plaintiffs having failed to perform, defendants had the right to rescind. *Ketchum* v. *Evertson,* 13 John. 359; *Mancius* v. *Sergeant,* 5

Cow. 271; *Church* v. *Ayres*, Id. 272; *Battle* v. *Rochester City Bank*, 3 N. Y. 88; *Friess* v. *Rider*, 24 N. Y. 367; *Hadden* v. *Dimick*, 48 N. Y. 661.

*Thomas Lowry* and *William H. Eustis*, for respondents.

VANDERBURGH, J. This action is brought for the specific performance of an agreement for the conveyance of real estate.

On October 15, 1881, which was the date of the contract, and in consideration of the sum of $100, expressed in the writing and paid on the delivery thereof, the defendants, Henry Wacks and wife, bargained and agreed to convey to the plaintiffs the premises in question, being the homestead of the defendant Henry Wacks, in the city of Minneapolis. As recited in the agreement, which was under seal and signed by the defendants only, they were "to furnish immediately to said Austin and Crays an abstract of title to said premises, showing same free and clear from all incumbrances; and said Austin and Crays, within 10 days from and after this 15th day of October, 1881, are to pay us $3,400 additional, and give first mortgage on said premises for $4,000, dated October 25, 1881, due on or before three years from and after said sale, with interest at the rate of 8 per cent. per annum, payable semi-annually; the total consideration for said premises, $7,500, payable as above; we, the undersigned, to retain possession of said premises until December 1, 1881, without rent, and from December 1, 1881, to April, 1, 1882, at the rate of $25 per month; * * * we to make, execute, and deliver to said Austin and Crays a warranty deed to said premises, conveying same free from all incumbrances, immediately on payment to us, by said Austin and Crays, of said sum of $3,400. The title to said premises to be perfected, or the money this day paid to be refunded; said Austin and Crays to pay as herein provided, or to forfeit the $100 this day paid." This contract was under seal.

This case was tried by the court, and from the facts found it appears that the plaintiffs, who were travelling salesmen, immediately left the city of Minneapolis upon their business, and remained absent until the 28th of October, leaving the matter of examining the title and completing the purchase with one Davidson, their agent. They omitted, however, to furnish him a power of attorney, or any written

authority to act for them. Davidson received the abstract for examination on the 18th of October, and, on the 24th of October, being unable, owing to the continued absence of the plaintiffs, to procure the execution of the mortgage, as required by the agreement, he sought defendant Henry Wacks and endeavored to induce him to agree to other arrangements in reference to the security for the deferred payment of $4,000,—he being prepared to make the cash payment of $3,400. These propositions the defendant took under advisement, and promised to consider the matter, and on the next day Davidson, being still unable to communicate with the plaintiffs, offered to make the cash payment if defendant would execute the required deed to plaintiffs, and deposit the same in escrow for a short time until he could communicate with plaintiffs and procure the due execution of the mortgage. This offer was finally rejected by defendant, who duly tendered on that day a warranty deed of the premises to Davidson, and demanded a strict compliance with the agreement, and notified him that the same would be rescinded unless so complied with.

On the 26th of October, defendant Henry Wacks notified Davidson of his rescission of the contract, and offered to return the $100 received thereon, and pay the expense of the abstract, which was refused. On the 29th of October, plaintiffs, having duly executed a mortgage of the premises, tendered, at the residence of the defendants, to the defendant Marie Wacks, the money and mortgage, and on the 31st renewed the tender thereof to defendant Henry Wacks, which was refused on the ground that the contract was rescinded through the previous default of plaintiffs. The plaintiffs have since been ready and willing to perform the contract on their part. There had evidently been a marked increase in the market value of the premises, and they were still rising in value. The court rendered judgment for the plaintiffs upon certain terms and conditions as therein provided.

1. It is contended that this contract cannot be specifically enforced in equity, for want of mutuality; that equity ought not to interfere to enforce specific performance, by defendants, of a contract by which plaintiffs are not bound. It was, however, a valid contract, in part

executed. It rests upon a valuable consideration, and there is nothing in the case impeaching its fairness. If there is no other ground of objection, there does not appear to be any good reason why plaintiffs' rights under it should not be fully protected and enforced. 1 Story on Eq. Jur. (12th Ed.) § 736a; *Ewins* v. *Gordon*, 49 N. H. 444, 455; *Old Colony Co.* v. *Evans*, 6 Gray, 25; *Western R. Co.* v. *Babcock*, 6 Met. 346; *Sons of Temperance* v. *Brown*, 9 Minn. 144, (157.)

The court has the power to superintend the performance of the conditions of the contract on plaintiffs' part, and provide in its decree for the fulfilment thereof as a prerequisite to relief. 1 Story on Eq. Jur. § 778b. The contract must be upon a valuable consideration, not voluntary, and must be fair and equitable in all its parts. It may then be enforced, if the plaintiff show himself otherwise within the rules applicable to the equitable remedy. The fact, however, that performance of the unfulfilled stipulations of the contract cannot be enforced by action against the plaintiffs is an important one to be considered in such cases on the question of diligence and good faith on their part. Pomeroy on Contracts, § 411.

2. Time was not of the essence of this contract. It was not so by its terms. There is no stipulation therein declaring such to be the intention of the parties. The time fixed in the agreement clearly had reference to an early and punctual fulfilment of the contract, but it was not of the substance of it, so that suffering the day of payment to pass operated in itself to bar the plaintiffs' right to be heard in a court of equity. The sale was the principal object, and, unless the time named is made essential, either expressly by the contract, or by implication from the situation of the parties or the nature of the case, suffering the day of payment to pass does not ordinarily deprive a party of his equitable remedy. It is sometimes said that time is formal rather than essential. It is not, it is true, of the substance of the contract, like the acts which the parties covenant to perform. It may be material, however, though not essential, and these terms are not convertible. *Hubbell* v. *Von Schoening*, 49 N. Y. 326, 331; Pomeroy on Contracts, § 373. It is always material as respects the good faith and diligence of the parties, and the equities of the case. *Ewins* v. *Gordon*, 49 N. H. 444, 459; *Tilley* v. *Thomas*, L. R. 3 Ch.

App. 61. The evident tendency of the more recent cases in this country is to hold parties applying for equitable relief of this nature to a more strict rule of vigilance and a more strict accountability for laches in the matter of the punctual performance of their contracts for the purchase of real estate. *Barnard* v. *Lee*, 97 Mass. 92; *Hubbell* v. *Von Schoening*, 49 N. Y. 326; *Merchants' Bank* v. *Thomson*, 55 N. Y. 7.

The clause in the agreement providing that plaintiffs were "to pay as herein provided or forfeit the $100 this day paid," does not operate to make the day fixed essential. Willard, Eq. Jur. 294; *Edgerton* v. *Peckham*, 11 Paige, 352. It was not a plain stipulation that the contract was to be void and ended if not literally fulfilled. In this case time was not made essential by implication; that is to say, by the nature of the subject-matter, the object of contract, or the situation of the parties. Here it does not appear that the vendor needed or had engaged to use the money or security at any particular time, or for any special purpose. No change of residence was contemplated by him for months, nor were any business changes or undertakings dependent on the prompt fulfilment of the contract, or the inducement for making it. No circumstances of this kind were in the minds of the parties in making the contract, or affect its construction. We agree, therefore, with the trial court that the time fixed in this contract is not to be deemed essential and peremptory.

3. It is material to consider whether the plaintiffs have lost their right to a specific performance in equity by reason of being placed in default by defendants' tender of performance and rescission of the contract.

Where time is not in the first instance of the essence of the contract, it is now generally considered that it may be subsequently made so by notice assigning a reasonable time for the completion of the agreement. The notice, however, to be effectual for the purpose, must not be such as to work a surprise upon the opposite party, but must give him a fair opportunity to protect himself and comply with it. Pomeroy on Contracts, § 396. For example, notice to an agent who has no opportunity, before the time fixed, to communicate with his principal, so as to enable him to comply with the terms of his contract, would constitute no bar to the equitable rights of the prin-

cipal, if due diligence were exercised by the agent. Plaintiffs' default entitled defendant to rescind, and is an absolute bar to relief in equity as well as at law, unless there are equitable circumstances in the case warranting such relief; and the right to equitable relief from such default must turn upon the reasonableness and sufficiency of the circumstances alleged to excuse it, regard being had to the conduct and situation of the opposite party. *Dyer* v. *Hargrave,* 10 Ves. 506; Pomeroy on Contracts, §§ 411, 416. "A party may not trifle with his contracts and still ask the aid of a court of equity. Neither will the law be administered in a spirit of technicality, and so as to defeat the ends of justice." *Hubbell* v. *Von Schoening,* 49 N. Y. 326, 331. Much must be left to the judgment and sound discretion of the judge who hears the case, and, where his determination of the merits of the application is reasonably supported by the evidence, and is consistent with the established principles which govern the equitable remedy, it will not ordinarily be disturbed by the appellate court.

The evidence in this case clearly shows that the agent, acting in plaintiffs' behalf, made reasonable exertions to communicate with them, so as to be able to comply literally with the terms of the contract on their part, and that he did not relax his diligence in the premises till their return, and that plaintiffs then continued to manifest equal diligence. Their intention to insist upon the contract is clear, and their omission to provide their agent with a power of attorney, or to return by the day, is not such negligence as, under the circumstances, should be held fatal to their application for relief. The situation of the defendant was not changed, so far as is shown, in the interval, so that it would have been any more detrimental to him to execute the contract on the 29th than on the 25th of October, particularly in view of the expressed determination of plaintiffs to adhere to it, and their willingness to make the cash payment immediately, and to consent to any arrangement then possible, including the deposit of the deed in escrow, to secure the deferred payment. *Merchants' Bank* v. *Thomson,* 55 N. Y. 7. Whether defendant, as it has turned out, has made a loss by a premature sale is not material, and the question of damages traceable to such cause we need not con-

sider. Under the circumstances presented, the rise in value of the land will not deprive plaintiffs of their remedy. Pomeroy on Contracts, 408. In a strict legal sense, plaintiffs were in default in failing to execute the mortgage on the day, but their negligence was not gross or wilful, and is such as the court may, on a proper showing, excuse, under the circumstances, in view of their good faith and the promptness of their application. *Davison* v. *Associates*, 71 N. Y. 333. Within the limits of the general rules governing this class of cases, we are unable to see that the trial court erred in adjudging plaintiffs entitled to relief.

It remains to consider a single exception to the ruling of the court in rejecting the offer of defendants to prove by parol that it was understood by the parties, when the agreement was executed, that time was to be essential, and that a failure by plaintiffs to complete the agreement within the time named, should operate to release the defendants from its obligations. The offer was properly rejected. It was not an offer to prove facts tending to show that time was impliedly essential, and which were orally disclosed to the plaintiffs; as, for example, that the purchase should be completed at a particular day, to enable the vendor to meet a promise or liability, or to secure a bargain which he might otherwise lose. It is elementary that parol evidence may be received for such purpose, and to show the relations of the parties, and surrounding circumstances, by the aid of which the contract may be interpreted and understood, and the remedy intelligently and equitably administered. This, however, does not qualify the general rule, applicable as well in equity as in common-law jurisdiction, that where parties have deliberately reduced their engagements to writing in unambiguous terms, parol evidence is not admissible to contradict or supplement the language used, so as to vary the plain meaning of the instrument, or to show what they meant or understood by it. *City of Winona* v. *Thompson,* 24 Minn. 199; *McGuire* v. *Stevens*, 42 Miss. 724; *King* v. *Ruckman,* 21 N. J. Eq. 599, reversing same case in 20 N. J. Eq. 316.

Order affirmed.