Barnard, P. J.
The plaintiff, on the 5th of November, 1885, bought at public auction two lots of land for $600.
This auction was made by the defendant as executor. The conditions of sale, as to the payments upon the bid, were complied with. The balance of the purchase price was to be paid on the 25th of November, 1885, and seventy-five per cent could remain on bond and mortgage.
On the day named the mortgage, which the plaintiff objected to giving, was ready, and contained a clause that the buildings on the property should be insured and kept insured.
The plaintiff had no copy of the contract which required *366 the clause, and, as the lots were vacant lots without buildings, he objected to the mortgage.
The mortgage was right, and the condition as to insurance would have been a valuable one if buildings should be put on the lots. The papers were not completed, and finally the defendant gave a written notice to complete on the 23d of February, 1886, or he would resell the lots.
Before this date the plaintiff went to the defendant’s attorneys, and stated that he would take the deed and pay all the money. From some cause the deed was not given.
There seems to have been a lack of self-control upon the part of the plaintiff, but it is not manifest that he wanted to carry out the contract.
He had no legal excuse for non-performance. The mortgage was correctly drawn, and the tender was not formally made, but in equity defaults will be set aside and forfeitures remitted on proper terms. This is a subject of undoubted equitable jurisdiction. Hubbell v. Von Schoening, 49 N. Y., 326. The terms were just and reasonable which the trial court imposed.
The plaintiff was compelled to pay interest on the purchase money unpaid, and the costs of the action, with an allowance of thirty dollars.
There was no material change in the situation of the lots. The defendant gave evidence tending to show an advance in value, and that was met by other evidence that the advance, if any, was trifling. The judge finds that there was no material change in the value.
The judgment should, therefore, be affirmed, with costs. Pratt, J., concurs; Dykman, J., not sitting.