[No. 890. January 8, 1902.]

EARLY TIMES DISTILLERY COMPANY et al., Appellants, v. CHARLES ZEIGER et al., Appellees.

### SYLLABUS.

1. Under the provisions of section one, chapter 77, Laws of 1889, which provides that "Every sale, mortgage or assignment made by a debtor : . . in contemplation of insolvency and with a design to prefer one or more creditors . . . shall operate as an assignment and transfer of all of the property and effects of such debtor, and shall inure to the benefit of all his creditors . . . (sec. 2) subject to the control of courts of equity upon the bill of any person interested, filed within six months after the mortgage or transfer is legally lodged for record or the delivery of the property or effects transferred;" the action must be begun within the time limited in the statute.

2. An unacknowledged assignment of an unrecorded contract for the sale of land, is not such an instrument as the statute contemplates shall be recorded.

Appeal from the district court of Bernalillo county, before J. W. CRUMPACKER, Associate Justice. Affirmed.

### STATEMENT OF THE CASE.

This is an appeal from the judgment of the district court of the Second Judicial district, dismissing the plaintiffs' complaint herein with costs.

It appears from the record that the defendant, Zei-

(221)

ger, on the twelfth day of November, 1890, entered into a contract in writing with one Armijo and wife, by which they agreed, for the sum of $15,000, to be paid, on or before the first day of December, 1893, to convey to the said Zeiger, certain town lots in the city of Albuquerque.

This contract was executed under seal, and duly acknowledged. Zeiger was let into possession of the premises, which he improved by the erection of a valuable structure.

Between November, 1890, and February, 1895, the defendant Zeiger was engaged in various enterprises, notably the wholesale liquor business, restaurant and saloon business, and cattle ranching in New Mexico and Arizona. His ranching business alone embraced five or six thousand head of cattle, of the value of upwards of a hundred thousand dollars. But dry seasons and hard times necessitated the closing out of the herds, so that by December, 1894, the ranching business was substantially terminated.

At this time Zieger was in debt, and was being pressed for payment. Among other creditors was the defendant, The First National Bank of Albuquerque, to which Zeiger was largely indebted. On February 22, 1895, Zeiger assigned to the defendant, Flournoy, who was vice president of said bank, for the use and benefit of the bank, the contract which he had entered into with Armijo and wife in November, 1890, for the purchase of certain lots in the city of Albuquerque, by an unacknowledged assignment, endorsed on the contract, as follows:

"For a valuable consideration, I hereby assign, transfer, and set over to M. W. Flournoy, all my right, title and interest in and to the within contract between myself and Nicholas T. Armijo, and wife, dated November 12th, 1890.

"Dated, Albuquerque, N. M., February 22, 1895.
    (Signed)                    "CHARLES ZEIGER."

This assignment was neither acknowledged nor under seal. It was never recorded, and was delivered to the assignee on the day it bears date, to-wit, February 22, 1895.

The contract thus assigned, after the usual recitations and agreements of sale, description of the property, etc., proceeds:

"And it is further agreed between the parties to these presents that time is the essence of this contract, and if default be made in fulfilling this agreement or any part thereof, on the part of said party of the second part, then in that case the said parties of the first part, their heirs, executors, administrators or assigns, shall be at liberty to consider this contract forfeited and annulled, and to dispose of the said property to any other person in the same manner as if this contract never had been made."

No part of the purchase price provided for in this contract had been paid by Zeiger, or on his account. Flournoy, to whom the assignment was made for the use and benefit of the bank, however, secured from the heirs and widow of the said Armijo, deeds of the property therein contracted for, dated and executed on the eighth day of April, 1895, and paid to the said grantors therefor the sum of $15,200.

On the seventh day of April, 1895, the defendant Zeiger executed and delivered to the defendant Weaver a general assignment of all his property for the benefit of his creditors, and Weaver duly qualified and entered upon the discharge of his duties as such assignee.

Afterwards, and on the seventh day of October, 1895, this action was commenced, praying for a decree of the district court declaring that the assignment of the contract in question was to be made by the said Zeiger in contemplation of insolvency, and with a design to prefer one creditor to the exclusion in whole or part of others, under the act of 1889.

The defendants Flournoy, the First National Bank

of Albuquerque and Joshua S. Raynolds, filed answers to the bill of complaint herein denying that the assignment of said contract to the said Flournoy was an act and device done or resorted to by said Zeiger in contemplation of insolvency, or to prefer said bank to the exclusion in part of the complainants or other creditors, but simply to secure the bank for money before that time loaned to the said Zeiger. They alleged that the suit was not commenced within six months from the date that the alleged cause of action accrued, or within six months from the doing of the act or acts set forth in the bill of complaint as a ground for bringing this action. They alleged that at the time of the assignment of the contract in question, by Zeiger, to Flournoy, that Zeiger had forfeited and lost all right which he had under and by virtue of said contract to demand and receive a deed of said premises in accordance with the terms thereof; that Flournoy acquired no right, either legal or equitable in the said property under said assignment; that the only right which he did acquire in said property was by virtue of the deeds executed and delivered to him by the widow and heirs of said Nicholas T. Armijo which were executed and delivered to him in consideration of the payment of the said sum of $15,200.

No reply was filed on behalf of the plaintiffs.

The issues thus joined were referred by the court to a master in chancery, with directions to take the testimony and to report the same with his findings of law and fact. Defendants objected to the reference, on the ground that it was not a proper cause for reference, and that defendants were entitled to have the issues tried by the court.

When the cause came on for trial before the master, defendant renewed their objection, on the ground that this was not a proper case for reference, and that the referee had no jurisdiction to hear this cause without the consent of all defendants. This objection was overruled by the master.

At the conclusion of the trial the master filed an opinion in writing, and found as a conclusion of law that the assignment by the defendant Zeiger to the defendant Flournoy, of the contract made by Armijo and wife for the conveyance of certain real estate to said Zeiger, dated the twelfth day of November, 1890, which assignment was made prior to the eighth day of April, 1895, was and did operate as a voluntary assignment of all the property of said Zeiger for the benefit of all his creditors, and recommended that the property and effects of said Zeiger be administered and distributed under the direction of this court in accordance with the provisions of the statute relative to involuntary assignments.

Beyond the opinion filed by the master, no facts were found. The defendants excepted to the conclusion of law found by the master, and upon a hearing before the district court defendants' exceptions were sustained and the bill of complaint dismissed. Thereupon plaintiffs' prayer for an appeal to this court was allowed.

NEILL B. FIELD and F. W. CLANCY for appellants.

The judge of the court below did not give to the master's report the weight to which it was entitled.

De Cordova v. Korte, 7 N. M. 681.

Bank v. McClellan, 9 N. M. 639.

W. F. & Co's Express v. Walker, 9 N. M. 182-4.

The confession by Zeiger of the truth of the bill is entitled to great weight.

A confession of the facts properly pleaded, dispenses with proof of these facts, and is as effective for the purposes of the suit as if the facts were proved; and a decree *pro confesso* regards the statements of the bill as confessed.

Thompson v. Wooster, 114 U. S. 110.

U. S. v. Samperyac, Hempst. 136.

Spears v. Cheatham, 44 Miss. 72.

For the position that the undisputed facts are quite

"sufficient" evidence to support the contention of complainants, the following cases are authority.

Peckham v. Burrows, 19 Fed. Cases, No. 10,897.
Martin v. Toof, 16 Fed. Cases, No. 9,167.
Vanderhoff v. Bank, 28 Fed. Cases, No. 16,842.
Arnold v. Maynard, 1 Fed. Cases, No. 561.
Sawyer v. Turpin, 21 Fed. Cases, No. 12,410.
Webb v. Sachs, 29 Fed. Cases, No. 17,325.
Applegate v. Murrill, 4 Metc. (Ky.) 22.
Story v. Graham, 4 Metc. (Ky.) 319.
Terrill v. Jennings, 1 Metc. 456-7.
Thompson v. Heffner, 11 Bush 359-60.
McKee v. Scobee, 80 Ky. 127-8.

ALONZO B. MCMILLAN and W. B. CHILDERS for appellees.

Preferences of creditors even by an insolvent debtor are valid.

Burrill on Assignments, sec. 161.
Pomeroy's Eq. Juris., sec. 994.
Huntley v. Kingman, 152 U. S. 532.
Clark v. White, 12 Peters 178.

The decree *pro confesso* for want of answer is not only no evidence against a co-defendant, but if the plaintiff fail to make out a case upon defense by the other defendants, the bill must be dismissed as to all.

Fran v. De La Vega, 15 Wall. 552-4.
Leeds v. Marine Insurance Co., 7 Wheat. 141-3.
Field v. Holland, 6 Cranch 824.
Hughes v. Blake, 6 Wheat. 453-468.
Vigel v. Hopp, 104 U. S. 441.
Morrison v. Durr, 122 U. S. 518.

The defendants contend that this suit was not begun within the period required by the act.

The suit was commenced Oct. 7, 1895, seven and one —— months after the assignment and delivery of the executory contract for purchase.

Sec. 3933, act of 1887, p. 26.

Sec. 3955, act of 1887.

Deblitz on Land Title, 950, note 24.

The assignment of a mortgage or deed of trust does not come within the recording acts, unless specifically so provided. The same rule should govern the contract in question.

> 20 Am. & Eng. Ency. of Law, 532 and cases cited, 541.
>
> Haselman v. McKennan, 50 Ind. 441.
>
> Oregon Trust Co. v. Shaw, 5 Sawy. (U. S.) 336.
>
> Dixon v. Hunter, 57 Ind. 278.
>
> Reeves v. Hayes, 95 Ind. 521.
>
> James v. Morey, 14 Am. Dec. 475.
>
> Watson v. Dundee Mfg. Co., 12 Oregon 474.
>
> Gordon v. Rixley, 70 Va. 694.
>
> Mesick v. Sutherland, 6 Cal. 297, and cases cited.
>
> Miller v. Alexander, 8 Tex. 45.
>
> Washburn on Real Property, 339.
>
> 2 Deblitz on Land Titles, 954 and 948.
>
> Blood v. Blood, 23 Pick. 94.
>
> Simpson v. Montgomery, 99 Am. Dec. 228.
>
> Ely v. Wilcox, 91 Am. Dec. 436 and note.
>
> Herndon v. Kimball, 50 Am. Dec. note 407.
>
> Rustin v. Shields, 56 Ind. 441.
>
> Sheppard v. Burkholder, 88 Ind. 523.
>
> Panet v. Shaubhut, 80 Ind. 424, note p. 428.
>
> Tulley v. Dorrs, 83 Ind. 179.
>
> Livingston v. Kattele, 41 Ind. 164-184.

Necessity for acknowledging and proof of execution.

> 20 Am. & Eng. Ency. Law, supra, 553.
>
> Hitz v. Jones, 123 U. S. 298.
>
> Burk v. Taylor, 152 U. S. 634.

Our statute does not require or authorize the recording of such an instrument.

> 20 Am. & Eng. Ency. of Law, 536, under Bond for Title.

Nelson v. Boyce, 7 J. J. Marshall 401; 23 Am. Dec. 411.

2 Deblitz on Land Titles, 949, 951-977-8-9 and 980.

Corn v. Sims, 3 Metcalf 391; pamphlet, p. 25.

Sedgwick on Construction of Statutory Law, 367 and note A.

Sutherland on Statutory Construction, sec. 154.

Murdock v. City of Memphis, 20 Wall. 617.

U. S. v. Tyner, 11 Wall. 92 and cases cited.

State v. Stoll, 17 Wall. 431.

Tracy v. Tuffy, 134 U. S. 223.

Effect of transfer in contemplation of insolvency.

Shous v. Utterback, 2 Metcalf. 52; pamphlet, p. 11.

Lacombe v. State, 20 How. 94 (15 Co-op. Ed. 853).

Taylor v. Longworth, 14 Peters 172.

1 Pomeroy's Eq., 455.

3 Id., sec. 1407.

McDonald, Receiver, v. Chemical National Bank, 174 U. S. 618.

By proving their claim before the assignee and accepting dividends thereon, the plaintiffs are now estopped to maintain this action, and thus declare the voluntary assignment invalid.

Burrill on Assignments, sec. 503 and cases cited.

3 Am. & Eng. Ency. of Law (2 Ed.), 133 and cases cited.

Adlum v. Yard, 1 Rawle 163, 18 Am. Dec. 608.

Barrows v. Alter, 7 Mo. 424.

Rapalee v. Stewart, 27 N. Y. 311.

Lanahan v. Latrobe, 7 Md. 268.

Valentine v. Decker, 43 Md. 583.

Daub v. Barnes, 1 Md. Ch. 127.

Richards v. White, 7 Minn. 345.

Scott v. Edes, 3 Minn. 271.
Hemasson v. Hickock, 37 Vt. 454.
Trierson v. Branch, 30 Ark. 452.
Ontario Bank v. Root, 2 Paige 478.
Adler v. Bell (Ala.), 20 So. 83.
Babcock v. Dill, 43 Barb. 577.
Van Nest v. Yoe, 1 Sandf. Ch. 4.
Gathercole v. Beder, 65 N. H. 211.
Littlejohn v. Torner, 73 Wis. 113.
Graves v. Rice, 148 N. Y. 227.
Miller v. Parkhurst, 126 N. Y. 89.
Jones v. Burgess (Ala.), 19 So. 851.
Robinson v. Pebworth, 71 Ala. 247.
Rabitte v. Orr, 83 Ala. 185.
Espey v. Comer, 80 Ala. 333.
Moog v. Talbott, 72 Ala. 210.
Nanson v. Jacob, 93 Mo. 331, 3 Am. St. 531.
Staller v. Coates, 88 Mo. 514.
Ewing v. Cook, 85 Tenn. 332, 4 Am. St. 765.

### OPINION OF THE COURT.

McMILLAN, J.—In a companion case, this court decided at the last term that the defendant having objected to a reference to a master to take the testimony and to report the same with his findings of law and fact at the time it was made by the court, and there being no right of appeal, and the objection having been renewed when the trial of the cause was moved before the master, that the defendants were not bound by the findings of the master, nor were such findings in any view conclusive on the court. Early Times Distillery Co. v. Zeiger, 66 Pac. 532. Citing Kimberly v. Arms, 129 U. S. 512-524; Palethrop v. Palethrop, 39 Atlantic 489-90; Medler v. H. & O. H. Co., 6 N. M. 343; Code Civil Procedure, sec. 2685, sub-secs. 138, 139; Terpening v. Holton, 9 Colo. 306.

All of the questions, therefore, involved in this case, came before the district court, uncontrolled, in any man-

ner, by the master's finding, which was a conclusion of law, to the effect:

"That the assignment by the defendant Zeiger to the defendant Flournoy, of the contract, by Armijo and wife, for the conveyance of certain real estate to the said Zeiger, dated the twelfth day of November, 1890, which assignment was made prior to the eighth day of April, 1895, was and did operate as an involuntary assignment of all the property of said Zeiger for the general benefit of all his creditors, and recommended that the property and effects of said Zeiger be administered and distributed under the direction of this court in accordance with the provisions of the statute relative to involuntary assignments."

The defendants excepted to this finding, first on the ground that it is not sustained by the facts in evidence and it is not justified by the law, second because upon the facts as shown by the evidence the statute does not warrant the administration and distribution under he direction of the court of the property mentioned in said contract, as recommended by the master.

To enable the plaintiffs to avail themselves of the conclusion of law found by the master, it must appear that the case is within the provisions of Chap. LXVII of the Laws of 1899. Section one provides:

"Every sale, mortgage or assignment made by debtors, and every judgment suffered by any defendant, or any act or device done or resorted to by a debtor in contemplation of insolvency and with a design to prefer one or more creditors to the exclusion in whole or in part of others, shall operate as an assignment and transfer of all of the property and effects of such debtor, and shall inure to the benefit of all his creditors, except as hereinafter provided."

Section two provides: "All such transfers as are herein declared to inure to the benefit of creditors generally, shall be subject to the control of courts of equity upon the bill of any person interested, filed within six

months after the mortgage or transfer is legally lodged for record, or the delivery of the property or effects transferred."

The assignment which is the subject of this controversy, was made on the twenty-second day of February, 1895. The land contract which was transferred by such assignment was delivered to the assignee thereof on the same date, to-wit, February 22, 1895. This action was not commenced until the seventh day of October, 1895, seven and a half months after the making of the assignment complained of, and after the delivery of the contract which was transferred by such assignment.

Do these transactions come within the provisions of the statute? "The property or effects transferred," as far as this action relates, was the land contract. The assignment by Zeiger disposed of whatever interest, legal or equitable, he had in the contract, and by the assignment it was transferred to the defendant Flournoy.

It would seem clear, from a reading of the statute, that in order to reach the contract, the action must of necessity be commenced by filing the bill within six months after the delivery of the contract in question by Zeiger to Flournoy. This was not done. Seven months and a half had elapsed between the delivery of the property or effects transferred, and the time of filing of the bill in this action.

Another view of the case, contended for on behalf of plaintiffs, is to the effect that the assignment of the land contract should have been recorded, and the fact that it was not recorded permits the plaintiffs to avail themselves of the provisions of the statute.

We are of the opinion that the assignment of an unrecorded land contract, which assignment was neither acknowledged nor proven in any form so as to entitle it to be recorded, is not such an instrument as the statute requires shall be placed of record. Chap. X, Laws of 1887; Compiled Laws, secs. 3933, 3955.

Irrespective of its want of acknowledgment or

proof of execution the assignment in this case is not such an instrument as the law contemplates should be recorded. Nelson v. Boyce, 7 J. J. Marshal 401; 23 Am. Dec. 411.

The plaintiffs have not brought themselves within the provisions of Chap. LXVII of the laws of 1889.

The ruling of the district court was therefore correct in sustaining the exception of the defendants on the ground that the facts in evidence did not justify the conclusion of law found by the master.

Again, we may well query whether after a general assignment has been made for the benefit of creditors, and the assignee has qualified and entered upon the discharge of his duties, any party can maintain an action under a fair construction of the statute upon which this action is founded, except by or through the assignee.

There is another question which goes somewhat to the merits of this case. It is the value of the land contract under consideration on the twenty-second of February, 1895, at the time it was assigned by Zeiger to Flournoy. It is not alleged on the part of the plaintiffs that it had any value, nor was any proof given before the master tending to show that the contract in the hands of Zeiger was of any value whatever. It is alleged in defendant's answer, which stands uncontroverted, that Zeiger had forfeited and lost all right which he had under and by virtue of the contract, to demand and receive a deed to the premises in accordance with the terms thereof. This seems to be predicated upon the following condition contained in the contract itself, to-wit:

"And it is further agreed between the parties, to these presents, that time is the essence of this contract, and if default be made in fulfilling this agreement or any part thereof on the part of said party of the second part, then in that case the said parties of the first part their heirs, executors, administrators or assigns shall be at liberty to dispose of the said property to any other

person in the same manner as if this contract never had been made."

It can not be urged that because Zeiger had given his note for the purchase price stipulated in the contract, that he had made payment thereby for the property agreed to be sold, as the contract contains a special agreement "that the said party of the second part will pay the sum of money in said promissory note expressed, according to its tenor and effect."

Time being of the essence of the contract, it would not be in the province of a court of equity to compel specific performance of this contract. Bullock v. Adams, 20 N. J. Eq. 372; Carter v. Phillips, 144 Mass. 100; Wells v. Smith, 7 Paige 22, 27.

"Time, in the performance of an agreement either for the sale or the purchase of real property, is always material, and a court of equity will not, any more than a court of law, excuse laches and gross negligence in the assertion of a right to a specific performance. But time is not of the essence of the contract *unless made so by the terms of the contract,* and therefore, although there may not (when time has been made essential), be performance at the day, if the delay is excused, and the situation of the parties or the property has not changed so that injury will result, and the party is reasonably vigilant, the court will relieve him from the consequence of the delay and grant specific performance." Hubbell v. Von Schoening, 49 N. Y. 326, 330. Citing Radcliffe v. Warington, 12 Vesey 326; Moore v. Smedburgh, 8 Paige 600; Edgerton v. Peckham, 11 Paige 335.

"Time may be made of the essence of the contract by express stipulation, or it may become essential by considerations arising from the nature of the property or the character of the interest bargained. It must affirmatively appear that the parties regarded time or place as an essential element in their agreement, or a court of equity will not so regard it." Sexcombe v. Steele, 20 How. (U. S.) 94, 104.

"There is no doubt that time may be of the essence of the contract for the sale of property.  It may be made so by the express stipulation of the parties, or it may arise by implication from the very nature of the property of the avowed objects of the seller or the purchaser." Taylor v. Longworth, 14 Peters (U. S.) 172, 174.

If Zeiger had lost all right under the contract made with Armijo and wife, then at the time of the assignment made by him to Flournoy, the contract in question had no value whatever.  If it had no value, plaintiffs have suffered no damage, and the cause of action set forth herein is not maintainable.

If Zeiger, by reason of financial embarrassment, was unable to pay the purchase price stipulated in the contract made with Armijo, and he had lost all right to enforce such contract, either in law or equity, could the assignment of the contract to Flournoy, for the use and benefit of the creditor bank, with the understanding that he, Zeiger, should receive credit for all moneys realized over and above the cost of perfecting title in Flournoy, be said to be a transaction with the design to prefer one creditor, to the exclusion in whole or part of others, or that it was carried out in contemplation of insolvency? We are of the opinion that it can not be so held. There is no evidence whatever in the case that any of the plaintiff creditors of Zeiger could have perfected title under the contract to the property in controversy.  Under the pleadings and proof there is no presumption that they could.  The fact that the bank was able to procure a deed of conveyance from the widow and heirs of Armijo, of the premises in question, does not necessarily imply that any other plaintiff creditor herein could do the same.

Zeiger made his assignment on the seventh of April, 1895.  The assignment of the contract was executed and delivered six weeks previous to that time.  The bank continued to lend him money, as appears from the testimony, as late as the month of March.  We find nothing

in the whole case to indicate that Zeiger had reason to believe or know that he was insolvent at the time of the making of the assignment in controversy, nor that such assignment was made in contemplation of insolvency.

For the foregoing reasons, the judgment of the court below should be affirmed.    And it is so ordered.

Mills, C. J., Parker and McFie, JJ., concur.