## SUPREME COURT.

### NICHOLAS H. BABCOCK, appellant, agt. JOSEPH EMRICH and FREDERICK BRITENBURGER, respondents.

*Specific performance of contract for the sale of real estate— When will not be enforced — Time, though not usually the essence of such contracts, the parties can always make it so.*

Where the party who applies for a specific performance has omitted to execute his part of the contract, by the time appointed for that purpose, without being able to assign any sufficient justification or excuse for his delay or where there is nothing in the acts or conduct of the other party that amounts to an acquiescence in that delay, the court will not compel a specific performance.

Where in an action for specific performance of an agreement to convey land it appeared that the time for performance had been extended by the seller, and on the adjourned day the purchaser requested an adjournment because of inability to find his lawyer, the seller thereupon gave the purchaser time to get his lawyer or procure other counsel, but upon the purchaser's return without a lawyer and his request for another adjournment, the seller tendered the deed and demanded the purchase-money, and where on the evening of the next day the plaintiff called on defendant Emrich (the seller) and offered to perform, and the latter refused to perform:

*Held,* that by the refusal of the purchaser to perform when the tender was made the contract was rescinded, and that this action cannot be maintained.

The court will take judicial notice that lawyers are not so scarce in the city of New York that one cannot be found to attend to such a matter in the course of several hours.

*First Department, General Term, January,* 1883.

*Before* DAVIS, *P. J.,* DANIELS *and* DWIGHT, *JJ.*

APPEAL from a judgment rendered by justice BEACH at special term, March, 1880, dismissing complaint, with costs. The following is the opinion:

BEACH, *J.* — This bill is filled to enforce a specific performance by the defendant Emrich of a contract with the

plaintiff for the sale of real estate situate in the city of New York. The agreement is dated March 31, 1879, and by its terms the price was to be paid and title given June 2, 1879, at two o'clock, P. M., at a place specified. At that date, the proceedings seem to have been adjourned, at plaintiff's request, to June fifth, the same hour. The plaintiff's agent then attended, requesting a further delay, on account of inability to procure the presence of his attorney. This request was declined, though opportunity was given to obtain counsel. The undertaking in that behalf having been unsuccessful, the attorney for the defendant Emrich then made a tender of a deed presumably conforming to the contract. The plaintiff's agent objected to it, only upon the ground of his attorney's absence, and refused to have anything to do with the deed for that cause. No tender or offer to perform was then made on plaintiff's behalf. The defendant subsequently declined to convey, because of the default. I think this case falls within the principle of *Selleck* agt. *Tallman*, decided by me in common pleas, equity term, June 1879. In the examination now made, I find no reason to change the views there expressed.

In *Benedict* agt. *Lynch* (1 *Johns Ch.*, 369), the learned chancellor said: It may be laid down as an acknowledged rule in courts of equity, that when the party who applies for a specific performance has omitted to execute his part of the contract by the time appointed for that purpose, without being able to assign any sufficient justification or excuse for the delay, or when there is nothing in the acts or conduct of the other party, that amounts to an acquiescence in that delay, the court will not compel a specific performance. The rule seems to be founded in the soundest principles of policy and justice. Its tendency is to uphold good faith and punctuality in dealing. I can conceive of no equitable principle permitting the founding of an equity upon one's own neglect. From March thirty-first to June fifth would seem to have given the plaintiff ample time for inquiry and preparation. Nothing appears of his action between June second and fifth, the time

granted by the adjournment, indicating the eagerness and activity required by the familiar rule (*Duffy* agt. *O'Donovan*, 42 *N. Y.*, 223; *Hubbel* agt. *Von Schoening*, 49 *id.*, 326). It will be difficult to prescribe a limit beyond which parties may not delay performance and then seek aid in this court, unless the time stipulated in the agreement is adhered to, save in cases of inevitable accident or other exceptionally meritorious excuses. In *Lloyd* agt. *Collett* (4 *Bro.*, 469), it is said: "There was no case where no step had been taken by the one party, and the other had immediately, when the time had elapsed, refused to perform the agreement, that a performance had been decreed." In the city of New York, where changes in the value of real estate are oftimes marked and frequent, a contract of sale of reality providing for the execution and delivery of a deed on receiving payment at the time and in manner specified, makes time of the essence of the agreement (*Hepburn* agt. *Auld*, 5 *Cranch*, 262; *Goldsmith* agt. *Guild*, 10 *Allen*, 139). The later tendency of this court has been to hold that time is material, and in many cases of the essence of the contract. While under some circumstances, as specified in *Duffy* agt. *O'Donovan*, and *Hubbell* agt. *Von Schoening* (*supra*), the court will relieve from default, I am unable to find any, warranting such action in this case.

Judgment is directed for the defendants.

*Henry E. Tremain*, counsel for plaintiff.

*S. Untermyer*, counsel for Emrich.

*Armour C. Anderson*, counsel for Breitenburger.

DAVIS, *P. J.* — This action was brought to compel the specific performance of a contract for the sale and conveyance of certain real estate in the city of New York. The contract of sale was made March 31, 1879. No part of the consideration was paid. By the terms of the contract the title was to be passed and the consideration paid on the 2d day of June,

1879, at 2 o'clock P. M., at the office of John S. Cram, Esq., No. 65 Wall street.

The vendor Emrich had a deed of the premises prepared and ready for delivery at the time and place named in the contract, and the deed together with a statement of an amount to be paid were handed to the plaintiff's attorney. It was objected by him that the amount charged for searches by the loan commissioners (through whom the defendant Emrich received title) was larger than they expected, and he requested an adjournment that he might examine it. The request was acceded to and the completion of the contract was adjourned to June fifth, at the same hour and place.

On that day the parties appeared at the time and place named; the plaintiff, by his agent, who had conducted all the negotiations, and the plaintiff requested another adjournment on account of the absence of his attorney. Emrich refused to consent to another adjournment, but time was given to the plaintiff to get his attorney or to procure other counsel. The plaintiff then went to his attorney who was in his office, but declined to leave his office alone. His clerk being ill the plaintiff's agent then applied to another attorney who was busy and could not attend, and after some hours he returned to the office of Mr. Cram, where the defendant Emrich had been waiting. Emrich's attorney also sent a note to plaintiff's attorney asking him to come, but he declined, and sent a note in reply asking four days' further time. On the return of plaintiff's agent he refused to go on with the completion of the contract because he had no lawyer present. No other reason was assigned. The defendant Emrich then made a formal tender of a deed of the property and requested performance by the plaintiff on his part. In the evening of the next day the plaintiff went to Mr. Emrich's house and presented a deed for execution, declared his readiness to perform the contract. Emrich refused to perform on the ground of plaintiff's failure, &c. On the 17th of January 1880 (seven months afterwards), the plaintiff commenced this action pray-

Babcock agt. Emrich.

ing specific performance or damages for inability to perform. On the nineteenth of June, Emrich conveyed a portion of the premises to the defendant Breitenburger, who took possession and made some improvements. Some evidence was given tending to show that Breitenburger bought with express or implied notice of plaintiff's contract.

The court at special term dismissed the complaint and held that the contract was rescinded by what had taken place on the fifth of June, and that the defendant Emrich was not bound afterwards to convey.

Nothing had ever been paid upon the contract by plaintiff, so that there is no question of the forfeiture of moneys paid on part performance; in this case the parties had stipulated a day, place and hour of performance. The defendant Emrich was at that time and place, ready to perform; his deed was presented to the plaintiff and his attorney, and his statement of the sum to be paid under the contract. But one objection was made, and that related to an amount for searches charged by the loan commissioners, of whom the title had been purchased by Emrich, and time was requested to make an examination in relation to those searches. For that purpose an adjournment was had for three days to and at the time and place moved. The defendant Emrich appeared; his deed was already prepared and had been examined; he was ready to go on and complete the contract, as required by the contract. The plaintiff was not ready solely because his attorney was not there; he was given several hours to get his attorney, or some other lawyer, but he failed to get anyone and then returned and declined to go on and complete the contract solely for the want of a lawyer. The defendant then made a formal tender and demand of performance and (so far as that has the effect) did everything necessary to relieve himself from further obligation on the contract.

We think the special term was right in holding that Emrich was under no further obligation to plaintiff, and that the case is not one in which equity ought to intervene and compel a

performance. Time is not usually of the essence of such contracts but the parties can always make it so. In this case they had done it by an express stipulation fixing place, day and hour, and by an adjournment to another day and hour at the same place, to give the purchaser time to examine a specific objection, to wit: the charge for certain searches which he was to pay. The defendant was again ready and willing to perform at the specified time and place; the plaintiff was not ready not because he had not satisfied himself that the charges were not correct, but solely because his lawyer did not chose to leave his office long enough to consummate the transaction. Time was then given sufficient to get his attorney or some other lawyer, which the plaintiff after several hours absence failed to do. Written notice was sent to the attorney who had before appeared, and he refused to come and only answered by requesting a four days' adjournment. The court can take judicial notice that lawyers are not so scarce in the city of New York that one cannot be found to attend to such a matter as this was, in the course of several hours, and it is not surprising that the defendant Emrich thought that his rights were being trifled with and elected to make tender and demand of performance and terminate the contract. The time of business men is too valuable to justify us in saying that a vendee in so small a transaction as was this, can at his pleasure and without better reasons than were given in this case, require repeated attendances and delays in the performance of contracts of this character. Here there was no deception practiced, no mistake or misapprehension as to time and place, no effort to forfeit money already paid, but at most a conclusion after reasonable courtesies had been exhausted not to extend any more, and that, under the circumstances, was not an unreasonable exercise of the defendant's just discretion and regard for his own rights.

The case suggests, and the cross-examination of the witness Babcock tends to show, that the plaintiff was not ready to make his payments, and had not sufficient money to do that

Babcock agt. Emrich.

on either of the days; but however that may really have been, we are of opinion Emrich had a right, both legal and equitable, to take and stand upon the position he took after the plaintiff's agent returned and declined to go on with the performance of the contract.

Each case of this kind is to be judged by its own circumstances; and as the court said in *Hubbell* agt. *Van Schoening* (49 *N. Y.*, 331): "A party may not trifle with his contracts and still ask the aid of a court of equity. He who seeks this species of relief must not have been guilty of negligence, but must show that he has been ready, desirous, prompt and eager" (2 *Story, sec.* 776; 1 *Story on Vendors*, 298, 410; *Benedict* agt. *Lynch*, 1 *Johns. Ch. R.*, 370).

The case of *Sillick* agt. *Tallman* (87 *N. Y.*, 106) is so different in its facts that it really has no bearing upon the question before us, and the opinion of the court in the *Merchants' Bank* agt. *Thompson* (55 *N. Y.*, 12) justifies the views we have taken. Under the circumstances we think there was unreasonable delay in bringing the suit, but that was not a point on which the case was disposed of below.

It is not necessary to make any examination of the questions raised either for or against the defendant Breitenburger, because if the judgment is conclusive dismissing the complaint as to the defendant Emrich, there is nothing left for a claim of relief against Breitenburger.

The judgment should therefore be affirmed, with costs; but one bill only can be taxed.