OSCAR BAUMANN, Appellant, *against* MARY G. PINKNEY, Respondent.

(Decided June 6th, 1887.)

In an action to enforce specific performance of a contract for sale of real estate, which fixed a specific time for performance of the mutual and dependent covenants of the parties, and contained a condition forfeiting the sum paid on account of the purchase money, for a failure of the purchaser to complete the purchase at the time and place fixed, it appeared that the agent of the vendor gave notice to the purchaser, at the time of entering into the contract, that prompt performance would be required; that the purchaser made efforts to get an extension of time, and that the vendor's agent refused to extend the time except on certain conditions not agreed to. *Held*, that time was of the essence of the contract, and, the vendor having tendered performance at the time and place fixed, and the purchaser not having accepted the same, the vendor might elect to terminate the contract.

APPEAL from a judgment of this court entered upon the dismissal of a complaint on a trial by the court without a jury.

The action was brought to compel specific performance, by defendant, of a contract to sell real estate to plaintiff.

The defendant was, at the time of the commencement of the action, the owner of the plot of land in question, lying between 137th and 138th Streets and Eighth and New Avenues in the City of New York. On or about the 22d day of June, 1886, an instrument in writing was executed between the parties, in and by which the defendant agreed to sell such real estate to plaintiff for the sum of $126,000. It was provided in such instrument that $2,000 of said consideration should be paid at the time of the signing of the contract, and the remainder, to wit, $124,000, on the 1st day of September, 1886, at the office of John C. Shaw, Esq., 79 Cedar Street, in the City of New York, at which time and place the deed to said premises was to be delivered.

On or about the 24th day of August, 1886, Julius Lipman, Esq., who had theretofore been retained by plaintiff to

search the title, applied to Mr. Shaw, the attorney for defendant, for information with regard to the title; and Mr. Shaw at that time informed Mr. Lipman that a prompt performance of the contract, at the time therein mentioned, would be demanded. A similar notice that a prompt performance of the contract would be enforced had been given to the plaintiff at the time the contract was made.

A few days before the 1st of September, the said attorney for the plaintiff made an application to the said attorney for the defendant to grant an extension of time for the purpose of completing searches. This application was denied; defendant's attorney at that time reiterating that his client would require a completion of the contract upon the day fixed. The said attorney for defendant did, however, offer, at the time of such application by plaintiff's attorney, to extend the time (according to his own version for thirty days; according to the plaintiff's attorney's version for sixty days), provided the plaintiff would pay $10,000 down on the 1st of September, 1886, and increase the contract price to $133,-000; or, if the plaintiff would pay $20,000 in cash on the 1st of September, and increase the contract price to $131,000. This option was not then accepted; but it was understood between the parties that the same should be open for the plaintiff's election when they should meet on the 1st day of September.

On the 1st day of September, 1886, the plaintiff's attorney and one Mr. Bauer went to the place named in the original contract of sale, and there met the defendant's attorney and her general agent, Mr. Curtis B. Pierce. Defendant's attorney tendered a deed of the premises in question and demanded the balance of the purchase money, which was refused. Plaintiff was, at that time, also given an opportunity to exercise his election under the aforesaid option for an extension of the time for the completion of the contract of sale, upon the payment by him of either of the sums of money referred to in said option. But plaintiff refused at that time to pay any sum of money, alleging as a reason therefor, that there was no person present

competent to legally execute the proposed extension of the original contract on behalf of defendant.

Upon the trial a judgment was entered dismissing the complaint; and from such judgment plaintiff appealed.

*John E. Parsons* and *Benno Loewy*, for appellant.

*John C. Shaw* and *Emanuel J. Myers*, for respondent.

LARREMORE, Ch. J. — [After stating the facts as above.] — The opinion of the learned judge before whom this case was tried, contains the following language: "In this contract the time for its performance was made of the essence of the contract; first, by the specific date mentioned in the contract for the performance of the mutual and dependent covenants of the parties thereto; second, by a clause in the contract forfeiting the $2,000 paid on account of the purchase money if the plaintiff failed to complete the purchase at the time and place fixed by the contract; third, by express notice, given at the time of executing the contract, that prompt performance of the contract on that date would be demanded; fourth, by notice given to Mr. Lipman that such notice had been given at the time the contract was made, and by the refusal of Mr. Shaw to extend the contract even for two or three days."

The learned judge might, with propriety, have gone even further, and said that all possible doubt as to whether time was made of the essence of the contract was removed by the acquiescence of the parties and the action of the plaintiff upon the basis that time would be considered of the essence of the contract. It is testified by plaintiff's former attorney that he attended at Mr. Shaw's office on September 1st prepared to pay $10,000 down upon a new contract then expected to be executed at an increased purchase price for the property. If this be true, plaintiff must have, at that time, acquiesced in defendant's claim that time was of the essence of the original contract, and in defendant's election to consider the original contract forfeited by reason of

its not having been performed by plaintiff upon the day named.

In the case of *Hubbell* v. *Von Schoening* (49 N. Y. 326), it is held, that in regard to real estate contracts, "a party may be held to strict performance as to time, and put in default for non-performance; but, to do this, the party seeking to put the other in default must not only be ready and willing to perform, but must tender performance at the time, and demand performance from the other; and then, whether equity will relieve will depend upon the circumstances. Each case must be judged by its own circumstances."

In *Babcock* v. *Emrich* (64 How. Pr. 435), the General Term of the Supreme Court in this department says: "Time is not usually of the essence of such contracts; but the parties can always make it so. In this case they had done it by an express stipulation, fixing place, day, and hour, and by an adjournment to another day and hour, at the same place, to give the purchaser time to examine a specific objection."

Under the facts and circumstances of the case at bar, I have no doubt that defendant intended to make time of the essence of the contract, and that plaintiff thoroughly understood such intention from the start. It is not inequitable for the court to sanction defendant's election to terminate the contract because of its non-performance by the plaintiff on the day named. Plaintiff's laches are entirely unexplained. For aught that appears, he had abundant time to search the title and be ready to complete his purchase on the 1st day of September, 1886. I am of opinion that the learned judge at the Special Term properly held that time was of the essence of the original contract, and that such contract was rightfully annulled.

This conclusion virtually decides this case. The action is for the specific performance of a contract, and, according to my view, the only contract involved is the original written one of June 22d, 1886, which, as before shown, was properly voided by defendant's election for non-performance on

the part of plaintiff. It cannot be claimed that the negotiations for an extension of time in which to take title to the property at an advanced price constituted a contract. According to plaintiff's own showing, an alternative proposition was submitted by Mr. Shaw, which was that the time for taking title should be extended, provided the plaintiff would pay $10,000 down on the 1st day of September and increase the contract price to $133,000, or provided that the plaintiff would pay $20,000 in cash on the 1st day of September, and increase the contract price to $131,000. The plaintiff's attorney himself admits that he did not accept either of these alternative offers; but the matter was left open for his client to accept when they should meet on the 1st day of September. The minds of the parties never met on this question of so-called extension. For, on the 1st of September, although plaintiff's attorney was prepared, and went with the intention of accepting one of such alternatives, yet, according to his testimony, he expressly refused to enter into any agreement at that time by reason of the want of authority in any person present to legally bind the defendant.

These negotiations with Mr. Shaw were in reality for a new contract; and it is immaterial whether or not it was intended that the same should be called an extension of the old contract; or that the element of interest on the original price should enter as part of the new consideration. Defendant's legal position was this: Her attorney was informed, prior to the 1st of September, that the plaintiff would not complete his original contract on that day; and notice was then given that in such event defendant would elect to terminate such original contract. Her attorney also said that offers had been made for the same property at an enhanced price, and that defendant would sell the property to plaintiff at an enhanced price under certain alternative conditions, which it was understood were to be agreed upon when the parties came together on September 1st. There was offered to plaintiff an option in regard to the amount and manner of payment of the consideration for a new

contract, which option both parties understood should be open to the plaintiff until September 1st, when he was to make his election. The only understanding that can be said to have existed prior to September 1st was that a definite agreement should be made on that day, when the plaintiff should exercise such option, and the result of the negotiations be reduced to writing and signed by the parties. But on September 1st, according to his own showing, plaintiff refused to close the proposed new contract, on account of alleged want of authority in the persons representing the defendant. The question whether or not the defendant's attorney or her general agent had authority to legally bind her by the contract they offered to sign, is immaterial, because no contract of any sort was executed. Nowhere does it appear that the minds of the parties met upon a new arrangement to take effect September 1st, whether the same was to have been called a new contract, or a modification or extension of the old one. The fact that plaintiff may have had the best of reasons for not closing the contract does not help him in an action to enforce such contract. If no contract is shown to be in existence, an action for specific performance is an anomaly on its face.

Perhaps plaintiff may claim that the fact that defendant was not present at Mr. Shaw's office on September 1st, and not represented there by an attorney in fact having unquestioned power to bind her by instrument under seal, operated to reinstate the original contract, which by its terms and her election had expired. I know of no principle which will support such claim. On the contrary, plaintiff is in precisely the same condition legally as if, on the 1st day of September, when he failed to perform, defendant had elected absolutely to terminate all relations with plaintiff, and refused to entertain negotiations with him for an extension of time to take title on any terms.

For the reason, therefore, that it does not appear that there is any valid contract in existence to be enforced, this action for specific performance must fail; and the judgment should be affirmed, with costs.

J. F. DALY and ALLEN, JJ., concurred.

Judgment affirmed, with costs.