THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. JOSEPH YANTIS, Otherwise Known as JOE JUNUS, Appellant.— Judgment of County Court affirming judgment of conviction affirmed. All concurred.

ANNIS CHARLEBOIS, Respondent, v. FRANCIS M. McKINLEY, Appellant. — Judgment and order affirmed, with costs. All concurred.

PURE STRAIN FARMS COMPANY, Appellant, v. EDWIN C. SMITH and Another, Respondents.— Judgment and order reversed and new trial granted, with costs to appellant to abide event. Held, that upon a motion to dismiss a complaint and for judgment thereon upon the ground that there is not stated therein facts constituting a cause of action, the allegations thereof must be assumed to be true (De Wolf v. Ford, 193 N. Y. 397); that the complaint in this case stated a cause of action in equity, independent of title 1, article 5, sections 1638 to 1646, inclusive, of the Code of Civil Procedure,* and that it was error to dismiss it (Livingston v. Moore, 15 App. Div. 15–26; Swarthout v. Ranier, 143 N. Y. 499; St. Stephens Church v. Church of Transfiguration, 201 id. 1); that in any event, without taking proof of the defenses alleged, it was error to grant the defendants affirmative relief. All concurred.

MINNIE SWIFT, as Administratrix, etc., Respondent, v. THE GREAT LAKES DREDGE AND DOCK COMPANY, Appellant.— Judgment and order affirmed, with costs. All concurred.

NEWTON B. GORHAM, Respondent, v. WILLIAM F. KELLY, Individually, etc., and Another, Appellants.— Judgment and order affirmed, with costs. All concurred.

MARTHA HOSMER, as Administratrix, etc., Respondent, v. HENRY CARNEY, Appellant.— Judgment and order reversed and new trial granted upon questions of law and fact, with costs to appellant to abide event. Held, (1) that the finding that the deceased was without information or knowledge of the disposition and character of the horse is against the weight of the evidence; (2) that the statement made to former owners when the horse was purchased, and their statement when the horse was sold that the horse was a kicker and vicious, and their conclusions that they bought and sold him as such, were incompetent. All concurred.

ALICE A. DAVIS, Respondent, v. NORTHWESTERN MUTUAL LIFE INSURANCE COMPANY, Appellant.— Judgment and order affirmed, with costs. All concurred.

JOSEPH M. CHARLTON and Another, Individually and as Executors, etc., and Others, Respondents, v. CHRISTOPHER J. SHEIL, Appellant.— Judgment affirmed, with costs. All concurred.

NEW YORK TRUST COMPANY, Respondent, v. BUFFALO AND LAKE ERIE TRACTION COMPANY and Others, Respondents, Impleaded with JOHN F. BURKE, Appellant.— Order affirmed, with ten dollars costs and disbursements. All concurred.

JULIA L. EDSON, Respondent, v. INTERNATIONAL RAILWAY COMPANY, Appellant.— Judgment and order affirmed, with costs. All concurred.

---

* Code Civ. Proc. chap. 14, tit. 1, art. 5; Id. §§ 1638-1646.— [REP.