EDITH H. KITCHING, Plaintiff, *v.* JAMES BROWNE, Defendant.

Supreme Court, Kings Special Term, October, 1922 (Received November, 1922).

Real property — vendor and purchaser — failure of vendee to complete transaction and take title — unexcused delay of one year unreasonable — contract of sale recorded after lapse of year by vendee will be stricken from record as cloud on title.

Any unreasonable or inexcusable delay of one of the parties to a contract for the sale of real estate may deny to him relief, and if during his default or delay circumstances intervene which would render subsequent performance by the other party prejudicial or detrimental to him, the facts will ordinarily relieve him from the obligation of the contract.

The delay which will relieve a party to such a contract from the consequences of his delay and entitle him to a decree of specific performance must be excusable

33

and the situation of the parties must remain unchanged so that injury may not result, and the party must be vigilant.

A notice to the vendee that if he would close the contract in a day or two it would be carried out is sufficient notice to him that his failure to take title within that time justified the vendor in regarding the contract as abandoned by the vendee, leaving the vendor free to negotiate for a sale of the property to another.

The vendee for a year after said notice unreasonably and without excuse delayed saying anything regarding his taking of the title and upwards of a year after his default he recorded the contract of sale. The property in the meantime increased in value. *Held*, that in an action by the vendor to remove the contract from the record as a cloud upon title, judgment would be directed for the plaintiff and the defendant denied specific performance of the contract.

ACTION to remove cloud on title.

*Rembaugh & Towle*, for plaintiff.

*Walter Avery*, for defendant.

KAPPER, J. The day last fixed by the written contract for closing was September 15, 1920. Down to September 23, 1920, adjournments were sought by defendant's agent of " a day or so " and, again, " a day or two," and finally on September 23, 1920, he stated " that he was practically ready to close and would close in a day or two " at which time he was explicitly informed by plaintiff's attorney that plaintiff " could not let the matter drift " and that if defendant was " ready in a day or so " no advantage would be taken of the situation, but that " plaintiff wanted it closed up." I shall, therefore, find as a fact that defendant was notified on September 23, 1920, that he would have to take title within a day or two after said day. I shall further find that nothing was heard by plaintiff from the defendant or his agent regarding the matter until September 22, 1921, a year thereafter, when defendant's agent telephoned to plaintiff's attorney to the effect that he was " now ready to come forward and perform on this contract," whereupon he was informed by plaintiff's attorney that the property meanwhile had increased in value and that the plaintiff regarded the contract as abandoned by the defendant. I shall further find that defendant was induced to communicate with plaintiff's attorney on September 22, 1921, because defendant learned that plaintiff was negotiating with others for the sale of the property, which had increased in value during the intervening year of defendant's silence. I shall further find that thereafter and on December 13, 1921, defendant caused to be recorded in the office of the register of the county of Kings said contract of sale and that the same constitutes a cloud upon plaintiff's title. I shall find as conclusions, that the notice given by plaintiff's attorney to defendant's agent on September 23, 1920, that if defendant would close in a day or so

the contract would be carried out, constituted a sufficient notice to defendant that his failure to live up to his part of the agreement and take title within a day or two justified the plaintiff in regarding the contract as abandoned by the defendant and that plaintiff was free to negotiate for the sale of the property to another, and that defendant's delay to do or say anything between September 23, 1920, and September 22, 1921, regarding his taking title was an unexcusable and unreasonable delay and requires the court to refuse the defendant specific performance of the contract in the light of all the circumstances including the increased value of the property. Although time may not necessarily be of the essence of a contract for the sale of real estate, it is treated in this state as material in such sense that unreasonable or unexcusable delay of one of the parties to it may deny to him relief; and when during his default or delay circumstances have intervened which will render subsequent performance by the other party prejudicial or detrimental to him, those facts are properly matters of consideration and will ordinarily relieve him from the obligation of the contract. *Schmidt* v. *Reed*, 132 N. Y. 108, 116. To relieve a party from the consequences of delay and grant specific performance, the delay must be excusable and the situation of the parties or of the property must remain unchanged so that injury may not result, and the party must be reasonably vigilant. See *Hubbell* v. *Von Schoening*, 49 N. Y. 326, 331; *Babcock* v. *Emrich*, 64 How. Pr. 435, 441; *Charlton* v. *Sheil*, 95 Misc. Rep. 321; affd., 179 App. Div. 960. As to the relief sought by plaintiff it was said in the case last cited (95 Misc. Rep. 327): " Nearly two months after his default defendant placed this instrument on record in Monroe county clerk's office, and while it stands on the record it would embarrass plaintiff if he should desire to dispose of his property, and he can maintain an action to remove this apparent cloud on his title." Much more so does that apply to the case at bar, where upwards of a year after his default the defendant recorded the contract. Specific performance must be denied the defendant, and judgment for plaintiff is directed removing the contract from the record as a cloud upon her title, with costs.

Judgment accordingly.