[EDITORS' NOTE: THIS PAGE CONTAINS HEADNOTES. HEADNOTES ARE NOT AN OFFICIAL PRODUCT OF THE COURT, THEREFORE THEY ARE NOT DISPLAYED.] *Page 9 
[EDITORS' NOTE: THIS PAGE CONTAINS HEADNOTES. HEADNOTES ARE NOT AN OFFICIAL PRODUCT OF THE COURT, THEREFORE THEY ARE NOT DISPLAYED.] *Page 10 
When Thomson executed the mortgage which was foreclosed, he was married. The mortgage was not given for the purchase-money, nor did his wife join in executing it. Hence it did not affect her inchoate right of dower in the premises. Though she was made a party to the action of foreclosure, she was not barred of that right by the judgment therein. There is no allegation in the complaint that the mortgage was prior, or superior or hostile, to her right or interest. There is the general clause in the judgment that the defendants be foreclosed of all right in the premises. But her inchoate right of dower was not in issue, and there could be no valid adjudication adverse to it. Moreover, a foreclosure action is not the proper mode to litigate rights claimed in priority or hostility to the mortgage. A judgment passing upon them is erroneous. A person claiming dower by title paramount to the mortgage, cannot be brought into court in such a suit to contest the validity of her dower. (Lewis v. Smith,9 N Y, 502.) The position is the same as if she had not been made a party to the foreclosure action.
The title made by the referee's sale in the action was subject then to this inchoate right of dower. And that was the sole objection to the title, made by the purchaser. It is ordinarily a good objection. Where there is an outstanding inchoate right of dower in the premises, unknown to the purchaser at the time of the sale, the court will not compel him to take a deed and complete his purchase. (Fitts v. Hoitt, 17 N.H., 530; Mills
v. Van Voorhies, 20 N.Y., 412; and see Simar v. Canaday,53 N Y, 298.) And this is so in judicial sales when the sale is not made at the risk of the purchaser. (McGown v. Wilkins, 1 Paige, 120; Spring v. Sandford, 7 id., 550.) The attempt to obviate this objection by the execution and tender of the quitclaim deed from the wife to Moffatt, and of that from him to the purchaser, though it showed the willingness of the vendor to meet the *Page 12 
requirements of the referee and of the court at Special Term, was futile. Moffatt was a stranger to the title. A quitclaim or release, by a married woman to a stranger to the title, is ineffectual to divest her of an inchoate right of dower. (Malloney v. Horan, 49 N.Y., 111; Marvin v. Smith,
46 id., 571.) But a release from the wife, executed directly to the purchaser, in connection with the sheriff's deed to him, will free the premises and give him a good title thereto. The order of the General Term directs this. There is no suggestion but that this direction has been or will be followed, and we must treat the case as if it had been done.
Then, the only ground upon which the purchaser now stands, in declining to complete his contract, is that so much time has elapsed since the sale, that he may not be compelled to take the premises, although the title be free from objection. Doubtless the later tendency of courts of equitable jurisdiction is to hold that time is material, and is in many cases of the essence of the contract. Inexcusable laches and delay will debar a party from the relief which, they being absent, he might have by a judgment for specific performance. This question has been much considered of late in this court. (Delavan v. Duncan, 49 N.Y., 485;Finch v. Parker, id., 1; Hubbell v. Von Schœning, id., 326; Peters v. Delaplaine, id., 362.) It seems that whether specific performance shall be adjudged, depends much upon the circumstances of each case, of which the lapse of time unexcused is one. It is not yet the rule, however, that the time fixed in a contract for the performance of it, is necessarily of its essence. The mere efflux of time will not of itself always lead to a denial of relief. When the lapse of time is occasioned or accompanied, by a refusal or a failure to claim or act under the contract, and is so great or of such characteristics as to amount to a waiver or abandonment of the contract, the party who comes not into court until after such delay, will have forfeited all claim to equity. Can this be said of the vendor in this case? The sale was made on the 6th day of June, 1872. By the conditions of sale the time for the completion was, at the *Page 13 
request of the purchaser for delay, stated to be on the tenth day of that month. It is evident, however, that this day was not deemed essential. The sheriff wished a memorandum of the sale, that there might be no misunderstanding of the terms, and the tenth day of the month was named in it, but not as peremptory. A few days after the day of sale the purchaser made known a desire to be relieved from his bid, but put his wish upon the ground of his bid being too large. He was not relieved, nor was he in anywise led to suppose that he would be. On the contrary, frequent claims were made upon him to complete his contract. On the twenty-fifth day of that month, a formal tender was made to him of a deed by the sheriff, and a demand for performance. On the 5th day of July, 1872, on his refusal to perform, these proceedings were commenced to compel performance by him, and they have been pending ever since. Certainly there is no delay here, which from its length or other characteristic, indicates an intention in the vendor to waive or abandon the contract. Rather the vendor showed itself in the oft-quoted language of Lord ALVANLEY (Milward v. Earl of Thanet, 5 Vesey, 720, n), "desirous, prompt and eager." The vendor, to be sure, was not "ready," which is a part of the phrase in that case. But it is noteworthy, that it was not until after compulsory proceedings were begun against the purchaser, that he raised the objection to the title that it was incumbered with an inchoate right of dower. Before that, his refusal was put only upon the excess of his bid over the real value of the lands; a claim which is not shown to be well founded. It thus appears that up to the commencement of proceedings to compel performance, and for a time after that, all delay arose from either the indecision of the purchaser in determining whether he would or would not take the land, or from an untenable objection taken by him. In such case, and whenever the delay is attributable to the party resisting performance, he will not be allowed it as a defence. (Monro v. Taylor, 3 McN. G., 713-723; Morse v. Merest, *Page 14 
6 Madd., 26; Spurrier v. Hancock, 4 Ves., 667.) Nor does it appear from the papers, that the lapse of time which has occurred since the commencement of the proceedings, is to be laid at the door of the vendor alone. The order of reference to take proofs, seems to have been granted on the request of the purchaser, and to enable him to establish his objections. If there has been delay in executing that order before the referee (and there seems to have been a greater lapse of time there than elsewhere), the purchaser is not more exempt from blame therefor than the vendor. And besides that, had the true, and at that time the only reliable objection of the purchaser, that made to the title, been put forth in the first instance as the ground for a refusal to perform, the vendor is not to be defeated, if within a reasonable time thereafter he takes proceedings to test the validity of the objection. (Southworth v. Bishop, etc., 8 Hare, 212; Paton
v. Rogers, infra.) Still less can a vendor be said to be dilatory who, by the prompt initiation of compulsory proceedings, forestalls and provokes an objection to his title, which, when made, he at once sets about to obviate, and does obviate to the satisfaction of each tribunal, in turn, before which the matter comes. If a party comes recenti facto, for a specific performance, the suit is treated with indulgence, and generally with favor, by the court. (The Marquis, etc. v. Boore, 5 Vesey, 719, and cases cited in note. See also 2 Sugd. V. P., p. 30, et seq., 1 Story Eq. Jur., § 777.) We do not think that the vendor is to be barred of its relief by reason of the mere efflux of time since the sale.
It is stated in the text-books and in the cases, that if by reason of delay arising from an imperfection of title, the circumstances of the transaction and of the parties have materially changed, so that equal justice may not be done to both by adjudging specific performance, judgment therefor will not be given. (See Taylor v. Longworth, per STORY, J., 14 Peters, 172.) And it is intimated in one of the points of the appellant that, by reason of the defect of title, he has been unable to secure a loan upon the premises with *Page 15 
which to pay the purchase-money; that the property has greatly depreciated in value; that at the time of the sale he could have resold without loss, and that now the property is unsalable. There are no facts presented in this case which sustain the intimations of the appellant's point, and afford a basis upon which he may rest the application of this rule in his behalf. Nor is any authority cited that, without such facts shown, there will be a presumption that the circumstances have materially changed in the time elapsed, so that it will be of evil to the defendant to now hold him to his contract. It is said by BRONSON, J., inJackson v. Edwards (22 Wend., 498-510), to the effect that it needs not proof of a change of circumstances, to show that delay in perfecting the title must be injurious to the purchaser, but that the bare fact of delay, inasmuch as that it of necessity prevents a purchaser from dealing with the property as his own, excuses him from accepting the title when at last it is perfected. It is to be observed, however, that there was in that case proof put in, of a serious change in the circumstances subsequent to the sale. The remark of the learned judge wasobiter. Senator VERPLANCK, the only other member of the court who delivered an opinion, concurred in the result arrived at by BRONSON, J., as to the effect in that case of the material change of circumstances which had taken place. But he puts his conclusion upon the facts as shown by the proofs, and holds that from these, the court below was warranted in concluding that the delay had injuriously affected the purchasers. I am unable to find that the dictum of BRONSON, J., has ever been cited with approval; though in McKay v. Carrington (1 McLean, 50-60) it is said that it may be presumed that the embarrassment of the title, and the failure to obtain possession of the land for a number of years, essentially injured the interests of the purchaser by preventing a sale by him. If the dictum inJackson v. Edwards is to be adopted as a rule, it will be applicable to every case, where there has been any lapse of time occasioned by a remediable defect of title, and the purchaser resists *Page 16 
performance. And this would be to set aside a current of authority, that where the vendor comes in a reasonable time to enforce the contract, prepared to obviate the objections made to his title, he shall have relief. (1 Story Eq. Juris., § 777.)
It is well recognized as one of the grounds on which a court of equity adjudges a specific performance, that by lapse of time it has become impossible to strictly perform the contract, and so the party has lost his remedy at law. But if the very lapse which gives occasion for the court to interfere, may be used to prevent its action, without any proof that the lapse has been of detriment, this ground of interference is effectually done away with. Time, though not ordinarily of the essence of the contract, may become so if, by its effluxion, a change of value, or other material change of circumstances, has been produced. Certainly it should be made to appear that such effect has, in fact, followed. If the court, without facts shown, might speculate as to the effect of delay upon the interests of parties, it is quite as reasonable, at many periods of our history, to surmise that in the lapse of time circumstances have changed to the benefit of the purchaser, as otherwise. Some of the cases above cited (from 49 N.Y.) show this. The true rule must be that, if the delay of itself is unreasonable and unexcused, it is enough to relieve the unwilling party from the contract; and that delay, though not in itself unreasonable, if it has made way for an intermediate and material change of circumstances, detrimental to the interests of defendant if obliged to perform, will have the same effect; but that in the latter case it must so appear to the court from the facts shown in the case.
These views would lead to a simple affirmance of the order of the General Term, but for another consideration. The order of the Special Term directed that the purchaser pay his bid, with interest from the day of the sale. It gave no direction as to rents and profits, in the meantime, of the lands sold. It does not appear, either, who had, in the meantime, the possession of the lands, though it may be *Page 17 
inferred that the purchaser had not. The order of the General Term affirmed that of the Special Term, on condition that the plaintiff should, within thirty days thereafter, deliver to the purchaser the sheriff's deed of the premises, and a release by the wife of the mortgagor of her inchoate right of dower. We have assumed that this deed and this release have been ready for the purchaser, and would have been delivered to him within the specified time, had he been ready to receive them and pay the purchase-money. But it is not according to the rules governing such cases to compel the purchaser, who is out of possession, and is not under an especial contract, so stringent in its terms as of itself to lead to that result, to pay interest on the purchase-money, when the vendor has not been ready to make a good title. In such case, the purchaser is bound to pay interest, and to take the rents and profits of the lands in lieu thereof, only from the time when a good title is first shown. (Forteblow v.Shirley, cited in Binks v. Ld. Rokeby, 2 Swanst., 222;Paton v. Rogers, 6 Madd., 256; Jones v. Mudd, 4 Russ., 118.) Indeed, it is at the option of the purchaser whether to take the rents and profits and pay interest, or to relinquish the rents and profits and to be exempt from the payment of interest. (Diar v. Glover, 1 Hoffm., 71; and see Worrall v. Munn,53 N.Y., 185.)
The order of the Special Term and that of the General Term are erroneous, then, so far as they direct the payment of interest by the purchaser from the date of the sale up to the time of the readiness to deliver the deed and release, provided for by the order of the General Term. And though the order of the General Term should be affirmed in its general scope, it should be modified in this particular to agree with the facts. As the exact state of the facts does not yet appear, the terms of the judgment of this court will have to be settled on the presentation of them by the parties.
Neither party should have costs against the other in this court.
All concur. Ordered accordingly. *Page 18