## LAURA W. SAVAGE, RESPONDENT, *v.* ELIZA ANN CRILL, APPELLANT, IMPLEADED WITH OTHERS.

*After an absolute divorce procured by a wife, she may release her dower rights to her husband.*

The appellant procured an absolute divorce from her late husband on account of his adultery, the decree providing that the provision he was required to make for her support should not be in lieu of her right of dower in his real estate. Thereafter the appellant executed and delivered to her husband an instrument whereby, for the expressed consideration of one dollar, she released her claim and right of dower in all his lands.

*Held,* that as regarded the rights of one who, with knowledge of the release, took a mortgage executed by the husband on land theretofore subject to her right of dower, the release was valid.

That she could not claim dower in her former husband's lands after his death.

APPEAL from an order of the Oneida Special Term, directing that a certain sum of money, held by stipulation subject to the order of the court, be paid to the plaintiff, and adjudging that the appellant is not entitled to the same.

The action was brought to foreclose a mortgage executed by Daniel Crill, the late husband of the appellant, on lands conveyed to him after his marriage with the appellant. Before the execution of the mortgage, the appellant had obtained a judgment of absolute divorce against her husband, on the ground of his adultery. The judgment required Crill to give security for the appellant's support, in the form of a mortgage on land other than that covered by the mortgage in suit, which he did. It also provided that such security, and the payments to be made thereon, should not be in lieu of the appellant's right of dower in Crill's real estate, or her interest in his personal property, in case of his death, intestate. Eight days after the judgment of divorce was entered, the appellant executed and delivered to Crill a release of her claim and right of dower in all his lands. The consideration expressed therein was one dollar. Subsequently, Crill executed the mortgage in suit, to the plaintiff in this action, for a full consideration. The release was not recorded until after the mortgage was executed, but the plaintiff knew of the execution of the release, and believed

it to be binding, when she paid the consideration for the mortgage. The appellant, in her answer, claimed dower notwithstanding the release. By stipulation, the decree of foreclosure in this action provided that the land should be sold free and clear of the claim of dower, and that the appellant's right, if any, should attach to the proceeds of the sale. The land was sold for the sum of $3,220, which was not sufficient to satisfy the plaintiff's mortgage. The sum representing the gross value of the appellant's dower, if she is entitled to dower, is $503.42, which is now held under a stipulation to be paid to her, if she is entitled to it ; otherwise, to be paid to the plaintiff on account of her mortgage debt.

*W. E. Scripture* and *Spencer Clinton*, for the appellant. A divorce, dissolving the marriage contract, on the ground of the adultery of the husband, does not deprive the wife of her right of dower in his real estate. (*Wait* v. *Wait*, 4 Comst., 95.) The release was invalid. (*Graham* v. *Van Wyck et al.*, 14 Barb., 531; *Carson* v. *Murry et al.*, 3 Paige's Ch. R., 483; *Marvin et al.* v. *Smith et al.*, 46 N. Y., 571; *Malloney* v. *Horan*, 49 N. Y., 117.) The disability of a husband, to take land by conveyance from his wife, is not removed by the statute enabling her to devise and convey as if she were unmarried. (*White* v. *Wager*, 25 N. Y., 328.)

*Ward Hunt, jr.*, for the respondent.

SMITH, J. :

The judgment of absolute divorce in favor of the wife, and the provision therein for her maintenance, did not deprive her of her dower right in the lands of her husband. (*Wait* v. *Wait*, 4 Comst., 95.) The case turns, therefore, on the validity of the release executed by her to Crill after the divorce, the fee then being in him. That it was valid, seems clear. Although dower may not be conveyed before admeasurement, it may be released to the holder of the title. We think there can be no doubt but that if the title had been held by a person other than the appellant's husband, a release to such person would have been valid, even if executed by her alone, before she obtained a divorce. The Court of Appeals held in the case of *Albany Insurance Company* v.

*Bay* (4 Comst., 9), that in this State a married woman may convey her lands, or any interest she may have in lands, by deed duly acknowledged, although her husband do not join therein. The rule would seem to be the same in respect to a release of dower. See *Merchants' Bank* v. *Thomson* (55 N. Y., 7, opinion of FOLGER, J., top of p. 12). Why, then, was not the release valid and effectual, which she executed to Crill, after the divorce, he being then the holder of the title? It is said by the appellant's counsel that as she could not have released him while they were husband and wife, the disability which thus attached to her dower right during marriage continued after the marriage was dissolved. We think not. The reason of the rule that a married woman cannot convey to her husband is, that the law regards husband and wife as one person; and furthermore, it considers the wife as under the husband's control. But those reasons cease to exist when the marriage is absolutely dissolved. The true view of the matter, we think, is that by the dissolution of the marriage, by reason of the husband's adultery, the disability above referred to is done away, although the dower right remains, and that, thereafter, the wife may convey to the man from whom she was divorced, as effectually as if he had never been her husband.

The order appealed from should be affirmed, with ten dollars costs and disbursements.

TALCOTT, P. J., and HARDIN, J., concurred.

Order appealed from affirmed, with ten dollars costs and disbursements.