---

## NORTHRUP v. GIBBS.

(*Supreme Court, General Term, Fifth Department.* June 23, 1888.)

1. SPECIFIC PERFORMANCE—COMPLIANCE WITH TERMS OF CONTRACT—GOOD FAITH IN COMPLAINANT.

    In an action for the specific performance of a contract for the sale of land, dated January 16, 1886, the transfer to be made on the 23d, and to be accompanied by a complete search of title, it was shown that plaintiff appeared at the appointed day, at a place agreed upon, with a deed duly executed; that defendant did not appear; but on the next Monday the parties met, when defendant objected to the search, and further time was allowed in which to complete it; that plaintiff tendered a deed and complete search September 1, 1886; that defendant had, at no time prior to the formal tender by plaintiff, tendered performance or declared his readiness to perform on his part. *Held,* that plaintiff was entitled to the relief demanded.

2. SAME—WHEN ENFORCED—FAILURE OF DEFENDANT TO RESELL.

    In such case it is no defense that a person, to whom defendant was attempting to sell the property at the time of making the contract, had some time afterwards said that he could not take it.

3. SAME—DECREE—ORDER TO CONVEY LAND FREE FROM DOWER RIGHTS.

    In an action for specific performance of a contract for the sale of land, defendant, who had agreed to convey the land free from dower rights, was directed by the judgment to do so. *Held* that, as there was no showing that he could not perform his covenant, the judgment would be affirmed.

4. SAME—EVIDENCE—INDUCEMENT TO ENTER INTO CONTRACT.

    In an action for the specific performance of a contract for the sale of land, where it appears that defendant was not induced by inequitable circumstances to make the contract, and was familiar with the property at the time, and had been for years, the enforcement of the contract will not be refused on the ground of inadequacy of consideration, the evidence on the latter point being conflicting.

Appeal from special term, Monroe county.

Action brought by Amanda A. Northrup against Anson A. Gibbs for a specific contract for the sale of land. The court, at special term, found for plaintiff, and from the judgment entered on his decision defendant appeals.

Argued before HAIGHT, BRADLEY, and DWIGHT, JJ.

*H. H. Woodward,* for appellant. *M. H. Briggs,* for respondent.

BRADLEY, J. The action was brought for specific performance of a contract for the sale of land, made between the parties January 16, 1886, by which the plaintiff agreed to sell, and by a good and sufficient warranty deed convey, to the defendant certain premises situate in Livonia, Livingston county, on receiving payment, consisting of a conveyance by the defendant to her by a like deed of a lot in the city of Rochester, and $800 in money, to be made on or before January 23, 1886; and the conveyances of the parties, respectively, were to be accompanied by a complete search relating to the title of the premises. The trial court found that the plaintiff tendered performance on her part to the defendant, who by his refusal to perform was in de-

fault, and directed judgment for the plaintiff, which was entered for the re-lief demanded in the complaint.

The main question upon the merits is whether the defendant was relieved from liability to perform the contract by delay on the part of the plaintiff to furnish a satisfactory search of the title to the land she undertook to convey. The formal tender by the plaintiff of her deed, with a complete search, was made about the 1st of September, 1886, when the defendant declined to accept or make performance; and on his part it is contended that the contract had ceased to be effectual to require him to do so. The agreement contains no provision which necessarily makes time as of the essence of the contract, but the parties might make it so; and if the delay was attributable to the plaintiff without the acquiescence of the defendant, and unless it was in some manner waived by him, he was relieved from the performance of the contract, and the plaintiff was not entitled to recover. *Bank* v. *Thomson,* 55 N. Y. 7; *Benedict* v. *Lynch,* 1 John. Ch. 370; *Babcock* v. *Emrich,* 64 How. 435. This proposition involves the inquiry whether the defendant was ready and offered to perform and thereby placed the plaintiff in default. *Hubbell* v. *Von Schoening,* 49 N. Y. 326. It was evidently contemplated that the parties would meet for performance of the contract at the office of the lawyer who drew it. The court has found that on the day specified, January 23d, the plaintiff was ready and willing to perform the agreement on her part. And it appears by the evidence that on that day the plaintiff's agent was at that place, with a deed duly executed by the plaintiff, and ready to deliver it; that the defendant was not there on that day, but the parties met at that place on the Monday following, and objection was made to the search produced by the plaintiff to the effect that it did not extend back 20 years, and it did not represent that a decree of mortgage foreclosure had been satisfied of record. There appeared a satisfaction of the mortgage, which did not appear to also include the decree, but the plaintiff's agent had there an unacknowledged paper subscribed by the attorney for the mortgagee to the effect that the decree had been paid; and there was evidence on the part of the plaintiff tending to prove that the defendant then said substantially that he knew the plaintiff had title free from incumbrance, but that if he wanted to sell, objection might be made unless the search showed that the title was good of record; that the defendant acquiesced in the plaintiff taking further time to obviate the objections, which was afterwards done; and that the defendant had at no time prior to the formal tender before mentioned tendered performance, or declared his readiness to perform on his part. Upon this state of facts the defendant was in no situation to effectually claim that the plaintiff was in default, or that he was relieved from the performance of his contract. If, however, the court had deemed the facts governed by the evidence on the part of the defendant, it could not have directed judgment against him. But upon the conflict of evidence a question of fact was presented, and it must be assumed that the court adopted as correctly representing the facts the evidence which was the most favorable to the plaintiff's case; and in that view the findings of fact were supported in the sense essential to the determination of the court. In the conclusion of law the court determined that the plaintiff was entitled to judgment directing the defendant to execute and deliver a conveyance in fee with covenants of warranty and release of dower. Exception was taken to the conclusion that the conveyance should embrace a release of dower, and it is urged this was error, because that is dependent upon the voluntary action of the wife. It is true, the wife cannot be required by the court to release her inchoate right of dower, and if the court had so directed it would have been ineffectual, and to that extent error. *Dixon* v. *Rice,* 16 Hun, 422. The court has not sought to do that. The defendant made the agreement, and undertook to make a conveyance which required the release of dower of his wife in the premises. The decree operates on him only, and it may be assumed that he will be able to fully perform

his covenant in that respect until the contrary appears. *Martin* v. *Colby*, 42 Hun, 1. In the case last cited the defendant offered to prove upon the trial that his wife would not execute the deed, and therefore he could not perform his agreement to convey; and it was there held that it was competent for him to prove, by way of defense, his inability to make the conveyance required by his contract. There is no proof upon that subject in the case at bar, and the defendant is by the judgment simply directed to perform his contract. The exception was not well taken. While the specific performance of a contract is not an absolute right, the exercise of the discretion of the court is so limited by principles applicable to such cases that there must be some recognized cause for the denial of such relief. The defendant's counsel contends that the value of the plaintiff's premises was greatly inadequate for the consideration which he agreed to pay for them. It requires a strong case to justify the denial of relief on the ground of inadequacy of consideration alone. It must be so gross as to shock the conscience, and furnish some evidence or inference of surprise or fraud. 1 Pom. Eq. Jur. § 429. *Margraf* v. *Muir*, 57 N. Y. 155. There appears by the evidence no inequitable circumstances which led the defendant to the making of the contract, and it appears that he was then familiar with the property, and had been so for many years. There is also a conflict of evidence as to its value at the time the agreement was made. No defense appears on the ground of inadequacy of consideration. It is said on the part of the defendant that he made the contract with a view to the sale of the premises, or a portion of them, to a party with whom he was then negotiating, and from whom he had an offer, and he gave evidence to that effect; and he also gave evidence tending to prove that the plaintiff's agent was advised of his contemplated arrangement to sell to such party. This was contradicted by the evidence of the latter. The defendant offered to prove that after there had been some meetings of the parties he asked the party with whom he had negotiated to purchase the property if he would take title to it, and such person said he could not do it. This was excluded, and exception taken. If a vendor's delay or laches in performance of his contract to convey property results in a change of circumstances, which render it inequitable to require the vendee thereafter to perform the contract and take the title, he may for that reason be relieved from its performance. *Bank* v. *Thomson*, 55 N. Y. 7. But it is not seen how the fact that this third party said he could not take title to the property would furnish any legitimate evidence in support of a defense of that character. Whatever may have been the expectation of the defendant, he had no contract with that person for the sale of the property to him, and was deprived of no right he had in that respect. The evidence relating to the material facts was in conflict, and presented to some extent the question of the credibility of witnesses, which was for the determination of the trial court, where the opportunity was greater than here to properly dispose of that question. The result there given to the trial does not seem to be so against the weight of the evidence as to justify its disturbance on review. The judgment should be affirmed.

HAIGHT and DWIGHT, JJ., concur.