VAN CAMP *et al. v.* FOWLER *et al.*

*(Supreme Court, General Term, Fourth Department.* November, 1891.)

1. JUDGMENT—RES JUDICATA—QUESTION NOT RAISED.

A testator devised his property in trust for the maintenance of his widow for life, and for the maintenance and education of his only son during minority. After the son's death, in an action against the trustee by the widow as heir of the son,

claiming the balance of the funds in the trustee's hands, it was found that the widow was entitled to the interest of the balance of the fund, and to the principal, if necessary to her comfortable support, and judgment was entered directing the trustee to invest the fund, and apply it accordingly. *Held*, that there was no intention to pass on the disposition of the fund after the widow's death, and that her heirs were not estopped by the judgment to maintain that the will vested the residue of testator's estate in his son, and that on the son's death his interest passed to the widow as his heir at law.

2. SAME—PARTIES.

The other claimants were testator's brothers and sisters, who maintained that the residue was not vested by the will in the son, but reverted to them as testator's heirs at law. *Held* that, since the brothers and sisters were neither parties nor privies to the action by the widow against the executor, and were not bound by the decision therein, the widow's heirs were not bound thereby, since estoppels must be mutual.

Appeal from special term, Onondaga county.

Action by James Van Camp, for himself and all other legatees under the will of Ann Jennette Van Camp, deceased, against Albert Fowler, as executor, etc., of Oliver H. Perry, deceased, and others, for the construction of the will of Oliver H. Perry. Judgment for plaintiffs. Defendants appeal. Affirmed. For prior opinion, see 13 N. Y. Supp. 1.

The facts of this case, as appearing on this trial, are substantially the same as upon a former trial, which was considered by this court on appeal, and is reported in 13 N. Y. Supp. 1. The facts sufficiently appear in the report of the case. Upon the last trial, the court decided that by the provisions of the will of Oliver H. Perry, deceased, a trust-estate was created in the defendant Albert Fowler for the support and maintenance of the widow, Ann Jennette, during her life-time, and for the education and maintenance of the son Walter T. Perry during his minority; that the son had a vested estate in and to all the property of his father which remained after the execution of the trust imposed by the will, which said estate became absolute and vested in the son upon the death of his father; that, upon the death of the son, his mother acquired, as his heir and next of kin, all the right, title, and interest which the son had in and to the property of his father, subject, however, to the trust imposed by the will for her support, and this interest she had a right to dispose of by will, and upon such disposition it passed to her legatees and devisees; that the present representatives and legatees of Mrs. Van Camp are entitled to the avails of the estate of said Oliver H. Perry, now in the hands of Albert Fowler as trustee and executor, and he should account and pay over the same to the executor or personal representatives of Mrs. Van Camp; that the defendants, Jennette Fowler and others, being the brothers and sisters of said Oliver H. Perry or their representatives, have no right, title, or interest in the fund in the hands of said Albert Fowler as executor, etc. Judgment was directed and entered accordingly, and all the defendants, except Levi Fowler, as executor, etc., of Mrs. Van Camp, appeal.

Argued before HARDIN, P. J., and MARTIN and MERWIN, JJ.

*Ceylon H. Lewis,* for appellants. *William M. Ross,* for respondents.

MERWIN, J. The controversy in this case is over the ownership of the final residue of the estate of Oliver H. Perry, deceased. His widow and son survived him, and the will provided for the support of the widow during her life, and of the son during his minority. The son died intestate, and before his mother. Then the mother died, leaving a will under which the plaintiff claims, the executor thereof being a party defendant. The claim of the plaintiff is that the balance of the estate, after providing for the support of the widow and son in the manner specified in the will, vested in the son as of the time of the death of the testator, and therefore passed upon the son's death to his heir and next of kin, being his mother. The claim of the appellants is that the son had no vested interest, and that, upon his death before the ter-

mination of the trust provided for in the will, the balance of the estate passed as undisposed of property to the brothers and sisters of Oliver H. Perry, deceased, or their representatives. We find no sufficient reason for reconsidering the questions passed upon by us on the former appeal. Our conclusions there were adverse to the claim of the present appellants. The questions there passed upon comprise all now presented by the appellants, except the question as to the effect of the judgment in the suit brought in 1868 by Mrs. Van Camp against Albert Fowler, executor, etc., of Oliver H. Perry, deceased. The appellants claim that this judgment is a bar to the claim of the plaintiff, upon the theory that it, in effect, adjudged, or might have adjudged, that Mrs. Van Camp, as the heir and next of kin of her son, was not the owner of what might remain of the fund at the termination of the trust. That action was by Mrs. Van Camp individually, and the sole defendant was Albert Fowler, as executor. In the complaint the will of Oliver H. Perry was set out, and its probate in February, 1864, and the issuing of letters testamentary to the executor, Albert Fowler; the remarriage of the plaintiff in March, 1866; the death of the son in August, 1866, intestate, and leaving his mother, the plaintiff, his only heir and next of kin; her appointment as administratrix of his estate on October 14, 1867; the amount of the estate of O. H. Perry, and the amount in the executor's hands. It was also alleged that the plaintiff had called on the executor to render an account of the estate to her, and pay the same over to her, or some part thereof, but he refused, alleging that under the will he had no legal right to do so; that she claimed that under the will the executor had no right to the possession of the estate after the death of the son, but that upon his death the estate passed to his heir at law and personal representatives, and that she, as heir at law and administratrix, was entitled to the same; that she had not any legal source from which to derive means for a comfortable support, and that defendant refused to pay her out of said estate, or the uses and profits thereof, any sum whatever towards her support. An accounting was demanded, and a construction of the will, to the end "that it may be determined and settled what are the rights of herself and of said defendant under said will," and that the defendant might be adjudged to pay over to her the amount of the estate in his hands, or such part thereof as she may be adjudged to be entitled to annually or otherwise. The answer was a general denial. In the decision of the court, the execution of the will, its probate and issuing of letters, were found as charged; also the remarriage of the widow and the death of the son, and that the amount of the estate in the hands of the executor subject to the provisions of the will was $3,067.94. As matter of law, it was found that the plaintiff was legally entitled to be paid the accumulations on the balance of the fund as the same became due, and was also entitled to have the principal applied to her comfortable support whenever she should be unable to derive such support from any other legal source, and the executor was directed to invest the fund, pay the interest to the plaintiff as it became due, and under the order of the court apply of the principal to her comfortable support whenever she was entitled to it as above provided. Upon this decision the judgment in question was entered March 6, 1868, and its last clause was as follows: "And it is further adjudged that the said Albert Fowler, executor, etc., be always subject to the order of any court having jurisdiction in the premises as to the rendering of accounts, as to all inquiries and examinations into his investments, and as to his removal or continuance as trustee, and as to compelling payments as hereinbefore directed, and as to any other matters and things connected with said trust-estate or his trusteeship thereof."

The judgment did not provide what should become of the fund, or what might remain of it, at the death of Mrs. Van Camp. It could not, at the time the judgment was rendered, be said that any would in fact remain. It was determined that the executor was entitled to the possession and management

during the continuance of the trust, (*Asche* v. *Asche*, 113 N. Y. 232, 21 N. E. Rep. 70,) and the rights of Mrs. Van Camp during this period were provided for. The adjudication, so far as made, did not involve the determination of the ownership of the balance that might exist at Mrs. Van Camp's death. That matter was, in effect, reserved by the concluding clause of the judgment. Clearly there was no intention to pass upon that subject. ·

The appellants who now claim the fund were not parties to that action. They were not bound by any decision as to the final ownership. There was not in this respect any privity between them and the executor. They do not hold or claim under the executor, or, for that matter, under the will. Not being themselves bound, they cannot say the plaintiff is bound. Freem. Judgm. § 159; *Brower* v. *Bowers*, 1 Abb. Dec. 219; 1 Greenl. Ev. § 524. It follows that the judgment of 1868 is not a bar to the present action, and the judgment now appealed from should be affirmed. Judgment affirmed, with costs. All concur.