JENETTE NELSON, RESPONDENT, *v.* ROSWELL E. BROWN,
APPELLANT, IMPLEADED WITH ANOTHER.

*Judgment in foreclosure — when not conclusive in favor of a claim of a paramount dower right — a definite devise in lieu of dower is not destroyed by a subsequent ambiguous expression — claim of dower in real estate devised to the doweress.*

A judgment in a mortgage foreclosure suit covering premises in which a widow, claiming dower by title paramount to the mortgage, although made a party defendant, did not appear, and in which there was no issue upon the subject of her dower, will not, although, in terms, in favor of her dower right, have the effect of an adjudication in her favor in an action brought by her to recover dower in the premises.

A testator, by his will, provided as follows: "I hereby devise ana bequeath unto my beloved wife, Jenette Nelson, the use, income, profits, rents and profits of all my real estate during her natural life, to be enjoyed, accepted and received by her in lieu of dower, and in addition to what interest she would have as doweress if this devise was not so made to her."

*Held,* that there being nothing in the will itself, or in the surrounding circumstances, to disclose an intent to the contrary on the part of the testator, the expression, "and in addition to what interest she would have as doweress if this devise was not so made to her," should be construed as a statement of the nature or extent of the preceding express devise "in lieu of dower," and not as destroying the effect of such absolute devise; that the intent of the whole clause was to give the wife the use for life of all the testator's real estate in lieu of dower, and not in addition to dower; and that having accepted the devise she could not recover dower.

An express and positive devise cannot be controlled by subsequent ambiguous words.

APPEAL by the defendant, Roswell E. Brown, from a judgment of the Supreme Court, entered in the office of the clerk of Herkimer county on April 4, 1892, with notice of an intention to bring up for review on such appeal the interlocutory judgment, entered in said county on the 12th of October, 1891, upon the decision of the court at the Herkimer Special Term September, 1891.

The action was brought by the plaintiff, as the widow of John Nelson, to recover dower in 273 acres of land in Herkimer county, of which John Nelson died seized. The defense is that Nelson left a will, in which he made a provision for his wife in lieu of dower, which she has accepted. It was decided at Special Term that the plaintiff was entitled to recover, and commissioners for

admeasurement were appointed.    Upon their report final judgment
was entered.

*S. W. Petrie*, for the appellant.

*C. J. Palmer* for the respondent.

MERWIN, J. :

John Nelson died on the 22d of March, 1889, leaving a will, which
is dated December 16, 1875, and three codicils thereto attached,
which are dated February 1, 1881, May 28, 1881, October 31, 1881.
The will and codicils were duly proved on July 1, 1889.    By the
first clause of the will the testator appointed his wife and his son
George executors and directed them to pay all his debts.    The
second clause was as follows : " I hereby devise and bequeath unto
my beloved wife, Jenette Nelson, the use, income, profits, rents and
profits of all my real estate during her natural life, to be enjoyed,
accepted and received by her in lieu of dower and in addition to
what interest she would have as doweress if this devise was not
so made to her."    By the third clause his son George was given
the fee of a farm of 326 acres, " to be taken, held and received by
him after the death of his mother, and the termination of her life
estate therein as before given and devised."    By the fourth clause
the testator devised a farm of about two hundred and seventy-five
acres, called the Churchill farm, to a trustee in trust for his son
Walter and his children, the trustee to have possession at the death
of the testator's wife.    He then gave pecuniary legacies to the
amount of $10,000, to be paid from the personal property, if suffi-
cient, and any deficiency to be a charge upon the lands given in fee
to George Nelson, and if the personal was more than enough to pay
the debts and legacies, the balance the testator gave to his wife.
By the last clause he gave to his wife a life estate in the house and
lot owned by him in Little Falls, and at her death devised the same
to his grandchildren.    By the first codicil he devised to his son
George the half of the Devendorf farm he had that day purchased,
charging it with the payment of certain sums for the benefit of his
grandchildren.    The second codicil related to the stock on the
Churchill farm.    By the third codicil he made provision for the pay-
ment from his personal property of the balance of the purchase-
money of the half of the Devendorf farm.

On the 5th of January, 1884, John Nelson executed and delivered to Jacob A. Churchill a mortgage on the Churchill farm in the sum of $10,000, payable within five years. The plaintiff did not sign this mortgage. It was recorded on January 11, 1884, and on the 23d of February, 1889, was duly assigned to Letitia Howard, who, in March, 1890, commenced in the Supreme Court an action for its foreclosure. The parties defendant in that action were Churchill, who had guaranteed the mortgage, the present plaintiff and the trustee, and those interested in the trust under the will of John Nelson. In the complaint no reference was made to the rights of Mrs. Nelson, except the general allegation that the defendants, other than Churchill, "have or claim to have some interest in, or lien upon the said mortgaged premises, or some part thereof, which interest or lien, if any, has accrued subsequently to the lien of the said mortgage." Judgment was demanded, in the usual form, in foreclosure. Mrs. Nelson was served with the summons and complaint, but did not appear or answer. The other defendants, except Churchill, appeared and answered, denying the execution of the mortgage, and alleging that John Nelson was, at the time, of unsound mind, and that there was no consideration for the mortgage. The issues so joined were brought to trial at Special Term December, 1890, and were decided in favor of the plaintiff therein, and the usual judgment of foreclosure was ordered. One of the findings of fact in the decision was, " that under and by virtue of the last will and testament of said John Nelson, deceased, the defendant Jenette Nelson is entitled to a life estate in the mortgaged premises, in addition to her dower therein, as widow of said John Nelson, deceased." One of the conclusions of law was that " the plaintiff is entitled to the usual decree of foreclosure and sale against all the defendants, subject to the dower of the defendant Jenette Nelson." The judgment that was entered provided that the premises be sold " subject to the dower therein of the defendant Jenette Nelson." Upon this judgment a sale was made on the 7th of March, 1891, by the referee named therein, and the premises were bid off by Letitia Howard for $10,350. In his report of sale the referee states that he sold the mortgaged premises, but nothing is stated as to whether or not he sold subject to the dower of Mrs. Nelson, nor

is there anything stated on that subject in the deed given by the referee to the purchaser. In terms, the deed conveys " all the right, title and interest of John Nelson, as the same vested in him on the 11th day of January, 1884." The report of sale was duly confirmed on 14th of March, 1891. On the 20th of April, 1891, Letitia Howard, by quit-claim deed, conveyed the premises, and all her right, title and interest therein to the appellant, Roswell E. Brown. In this deed no reference is made to the foreclosure deed, or to the dower right of Mrs. Nelson.

Nelson, at his death, was the owner of the real estate referred to in the will and the first codicil, and there was no incumbrance on any of the lands except the mortgage above referred to. At his death the plaintiff took possession of all the property left her by the will, and has since then had the use of all the real estate, except that, upon the 20th of April, 1891, the defendant Brown took possession of the Churchill farm under the deed to him from Letitia Howard. The present action to recover dower in that farm was commenced on 22d of June, 1891.

The questions upon this appeal are (1) whether the defendant Brown is estopped, by the provision in the foreclosure judgment, from denying the right of the plaintiff to recover dower, and if not then (2) whether the provision in the will is in lieu of dower.

· *First.* In the foreclosure action the widow did not appear. There was no issue upon the subject of her dower. A judgment against her in such a case would not bar her paramount right if she had one. (*Ocumpaugh* v. *Wing*, 12 Week. Dig., 566; *Lewis* v. *Smith*, 5 Seld., 502; *Merchants' Bank* v. *Thomson*, 55 N. Y., 7; *Payn* v. *Grant*, 23 Hun, 134.) In the Merchants' Bank case it is said : " A person claiming dower by title paramount to the mortgage, cannot be brought into court in such a suit to contest the validity of dower. The position is the same as if she had not been made a party to the foreclosure action."

If the judgment, had it been against the plaintiff, would not have barred her right, she cannot claim it to be a bar in her favor. The operation of estoppels must be mutual. (Freeman on Judgments, § 159; 1 Greenl. Ev., § 524; *Brower* v. *Bowers*, 1 Abb. Ct. App. Dec., 219; *Van Camp* v. *Fowler*, 41 N. Y. St. Rep., 80, 83; affirmed 133 N. Y., 600.)

How the finding on the subject came to be made in the foreclosure action does not appear. Aside from the provision in the findings and judgment, there is nothing in the case that estops the appellant from denying plaintiff's claim. The will is set out by plaintiff in her complaint. The foreclosure proceedings are also therein referred to as indicating the position of the defendant Brown, but there is no allegation or claim of any estoppel. As the case stands, we think that none is shown to exist available to the plaintiff in this action.

*Second.* Did the testator intend to give his wife the use for life of all his real estate in lieu of dower, or in addition to dower? This is to be determined from the will itself and such surrounding circumstances as may be properly taken into account. He was apparently then the owner of two farms and a house and lot. He was seventy years old, and was married to plaintiff in 1829. By the clause in question there is a very definite devise in lieu of dower, but the expression is added, " and in addition to what interest she would have as dowress if this devise was not so made to her." Does this destroy the effect of the absolute expression just preceding? The last expression carries the idea that as the devise is made in the form it is the widow gets nothing as dowress, but that she will, in fact, get a greater interest than her dower would be. In this view the latter expression may be deemed a statement of the nature or extent of the gift, and in that way a meaning be given to it not inconsistent with the words " in lieu of dower."

The contention of the plaintiff would require us to disregard entirely the expression " to be enjoyed, accepted and received by her in lieu of dower." This should not be done unless the intent of the testator very clearly appears to that effect. An express and positive devise cannot be controlled by subsequent ambiguous words. (2 Wms. Exrs. [6th Am. ed.], 1168, note *m*, Rule 12.) A devise of a life estate in the whole in addition to dower is unusual in its character, and there is nothing in the present case to indicate that the testator had any reason to make a devise in that form, or that would make such a devise probable.

In the cases apparently relied on by the plaintiff, there were no express words stating the devise to be in lieu of dower. In this case it seems to me that it cannot be said that there is any inten-

tion to abrogate the force of the express provision, and that the subsequent words at most were intended only as descriptive of what had already been given.

It follows that the plaintiff cannot recover dower, as it is conceded that she accepted the provision and devise made for her by the will.

MARTIN, J., concurred; HARDIN, P. J., not acting.

Judgment reversed, and a new trial ordered, with costs to abide the event.