MECHANICS' SAVINGS BANK, Plaintiff, *v.* DE VILLO W. SELYE and Others, Defendants.

THE CENTRAL BANK of Rochester, Respondent; JOSEPHINE L. PARKER, Appellant.

*Surplus money proceedings — judgment inter alios.*

In proceedings instituted to obtain surplus moneys arising upon the foreclosure of a first mortgage upon certain lands, it was shown that, in an action brought against the person who executed a second mortgage upon the property sold under the foreclosure and who claimed to own it, it was adjudged that the plaintiff therein was entitled to an undivided one-half interest in and to the mortgaged premises. This action was commenced nearly two years after the second mortgage had been recorded, but the second mortgagee was not made a party thereto.

*Held,* that such judgment would not affect the right to such surplus moneys of the second mortgagee, who was not a party to such action, if the mortgagor was the apparent legal owner of the premises in question at the time the second mortgage thereon was given.

APPEAL by the defendant, Josephine L. Parker, from an order of the Supreme Court, made at the Monroe Special Term and entered

in the office of the clerk of the county of Monroe on the 20th day of July, 1894, adjudging that the Central Bank of Rochester was entitled to the surplus moneys arising upon the sale of the mortgaged premises described in the action, and directing the county treasurer of Monroe county to pay the same to the Central Bank of Rochester, after deducting the fees allowed him by law.

*Q. Van Voorhis,* for the appellant.

*H. McGuire,* for the respondent.

DWIGHT, P. J. :

The Central Bank claimed the whole of the surplus moneys by virtue of a mortgage next subsequent to that which was foreclosed in the action. Mrs. Parker's claim was based upon an alleged equitable title to an undivided half of the mortgaged premises. The title was evidenced by a judgment against Selye in an action by Mrs. Parker, to which the Central Bank was not made a party — although its mortgage had been duly recorded nearly two years before the action was commenced — by which, notwithstanding the apparent legal title in Selye to the whole of the mortgaged premises, it was adjudged that Mrs. Parker was the owner of an undivided one-half of those premises as tenant in common with him. This proof was no doubt properly made as against Selye, who, as apparent owner of the equity of redemption, would himself have been entitled to the surplus money if no other claim had been established thereto ; but, of course, it was entirely unavailing as against the Central Bank. As to the bank, which was not a party to the action in which it was recovered, the judgment was *inter alios,* and of no effect whatever. The principle is elementary, and as such is stated by Mr. Greenleaf in these words : " It is also a most obvious principle of justice that no man ought to be bound by proceedings to which he was a stranger." (1 Greenleaf's Ev. § 522.) This case is an apt illustration of the facility with which, if such were not the rule, parties mutually interested to defeat the rights of a third person, might accomplish that object by means of a collusive action to which the third person was not made a party.

No other evidence was made of any title or interest in Mrs. Parker upon which to base her claim for the surplus moneys, and

the bank having established its claim as against the mortgagor, the report of the referee was properly in its favor.

Other questions were litigated on the hearing, including the question of the effect of the Recording Act on the relative equities of the two claimants to the surplus money, but we do not think it necessary to consider that or any other question in view of the failure of proof to establish any title in Mrs. Parker as against the other party to that litigation.

The order appealed from should be affirmed.

LEWIS, BRADLEY and HAIGHT, JJ., concurred.

Order appealed from affirmed, with ten dollars costs and disbursements.

---

In the Matter of the Petition of JAMES C. WING and Others, Respondents, to Compel the Payment of a Judgment by EDWIN A. DOTY, as Committee of WILLIAM H. CAMPBELL, a Lunatic, Appellant.