(11 Misc. Rep. 254.)

### RICHARDSON v. HARMS.

(Common Pleas of New York City and County, Special Term. February, 1895.)

DOWER—ACTION AGAINST HUSBAND'S GRANTEE—LAND NOT CONVEYED.
  The sufficiency of land remaining of the husband's estate to satisfy all claim of dower is no answer to an action for dower out of the land of the husband's alienee.

(Syllabus by the Court.)

Action by Louisa A. Richardson against William Harms for dower. Plaintiff demurs to a defense set up in the answer. Sustained.

Wm. O. Campbell, for plaintiff.
Isaac L. Miller, for defendant.

PRYOR, J. In an action for dower, the complaint alleges a marriage, seisin and death of the husband, his conveyance during coverture without the plaintiff's assent, and ownership of the land by the defendant. The prayer for judgment is that the plaintiff recover one-third of defendant's property as her dower, and one-third of the rents and profits thereof since the commencement of the action. After denial of material allegations of the complaint, the answer advances as a "separate and distinct defense" that the conveyance by the husband was with full covenants of warranty; that he left other real estate "of sufficient value to pay and provide for any claim or right of dower which plaintiff had, not only in and to the same, but in and to the premises mentioned and described in the complaint"; and that subsequently to his death, by an instrument under seal and in consideration of $50,000, the plaintiff "released any and all her right, title, and interest, dower, and right of dower which she had or claimed to have in and to all the real property of which the said Benjamin Richardson died seised."

The plaintiff demurs to the defense for insufficiency in substance. The husband not dying seised of the land in question, it is obviously not within the terms or operation of the release. Moreover, it is not apparent that the release was to tenant in fee or for life, or to remainder-man, reversioner, or equitable owner; and, unless to such, it is ineffectual to bar dower. Elmendorf v. Lockwood, 57 N. Y. 322, 326, 330; Bank v. Thomson, 55 N. Y. 7, 12. Upon the argument, therefore, counsel for the defendant prudently abstained from pressing the release as an answer to the action. Neither personal representative nor heir or devisee of the husband is a party to the litigation. That the plaintiff may realize all her dower out of the husband's estate is therefore but the futile statement of the defendant, who, of course, is incompetent either to offer, or, in the absence of the owners of that estate, to compel its appropriation in discharge of the incumbrance on his property. "A widow shall be endowed of the third part of all the lands whereof her husband was seized of an estate of inheritance at any time during the marriage." 1 Rev. St. p. 740, § 1. "No act, deed or conveyance by the husband, without the assent of his wife, shall prejudice the right of his wife to her dower nor preclude her from the recovery thereof." Id. § 16. "If during the life of the husband his land has been alienated, and if, when his widow seeks the assignment of her dower the land is held in several parcels by different persons her dower shall be assigned in each parcel separately." Thomas v. Hesse, 34 Mo. 13. Indeed the answer in question admits the plaintiff's right to dower in the land of the defendant but avers that sufficient property remains of the husband's estate to respond to her claim in respect of all the realty of which he was seised. Does the fact alleged in avoidance nullify the right conceded? The methods by which the widow's right may be defeated are familiar in the books; but it is nowhere suggested that the matter of this answer is pleadable in bar of dower. In reason the lien on his land is not discharged by the incumbrance on other lands (Masterson v. Railroad Co., 84 N. Y. 247, 255); and, no matter how ample those other lands to sat-

isfy the claim of dower, the right of recourse to this land still subsists. Plaintiff's right in defendant's land not being affected by the fact of other resources for her dower, the answer is no defense to the action, and the demurrer is well taken. The principle of the cases adduced by defendant was not asserted as destructive of the right of dower in the particular land, nor advanced as an answer to an action for such dower, but was adopted only as an expedient by which the right might be enforced with the least hardship and the greatest equity. The right established, it may well be just and in ease of all parties that the dower should be assigned of the husband's estate, liable in any event as the ultimate recourse, rather than from the land of an alienee who, under his covenants, is entitled to indemnity. But this is a disposition of remedial procedure, and is practicable only when, all in interest being present, the decree may be of binding efficacy. Neither the representatives nor successors of the husband being parties to the litigation, how can the court enforce an assignment of dower out of their estate? Bank v. Selye, 83 Hun, 282, 31 N. Y. Supp. 921. Should they be brought in, then, after plaintiff vindicates her right by the determination of the issues in her favor, the court, in exoneration of defendant's land, might, by the interlocutory judgment, direct the dower to be assigned out of the husband's estate. Demurrer sustained.